**GRIFFITH et al., Appellants,**

v.

**LINTON et al.; American Family Insurance Company, Appellee.**

[Cite as *Griffith v. Linton* (1998), 130 Ohio App.3d 746.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–371.

Decided Dec. 22, 1998.

748

*Clark, Perdue, Roberts & Scott Co., L.P.A.,* and *Robert W. Kerpsack,* for appellants.

*Frost & Maddox Co., L.P.A.,* and *Mark S. Maddox,* for appellee American Family Insurance Company.

---

PEGGY BRYANT, Judge.

Plaintiffs-appellants, Loraine Griffith, Scott Griffith, Jason Griffith, and Hanna Griffith, appeal from a judgment of the Franklin County Common Pleas Court denying their motion to order arbitration and motion to stay trial pending arbitration.

On June 29, 1996, Loraine Griffith was involved in an automobile accident with a car driven by defendant Gail Linton, but owned by defendant John Belcher. Although Linton and Belcher were uninsured at the time of the accident, Griffith was insured under an automobile insurance policy issued to her by defendant-appellee American Family Insurance Company ("American Family"). American Family's policy provided Griffith with uninsured motorists coverage in the amount of $100,000 per person and $300,000 per accident.

By letter dated July 8, 1996, plaintiffs' attorney wrote American Family and stated that "[i]f a request or demand for arbitration is required within a certain period of time, you may consider this letter to be such a request * * *. If your policy requires that we make our demand for arbitration to the American Arbitration Association or any other entity other than your company, please advise at once. If we do not receive a response from you in this regard, we will assume that our demand herein is proper and effective." The letter also requested a certified copy of Griffith's insurance policy. American Family never responded to plaintiffs' letter and plaintiffs never received a copy of their insurance policy until it was filed as an exhibit to American Family's memorandum in opposition to plaintiffs' motion for summary judgment on September 8, 1997, more than a year after plaintiffs' initial request.

On January 16, 1997, having heard nothing from American Family, plaintiffs filed a complaint against Linton, Belcher, and American Family in the Franklin County Common Pleas Court. Neither Linton nor Belcher filed any responsive pleading to the complaint, and default judgments were entered against each defendant on liability. A hearing was held on July 1, 1997, to determine the amount of damages owed to plaintiffs as the result of the accident, and plaintiffs were awarded $79,458.73 in damages by entries filed on July 23, 1997, as to Belcher, and on August 19, 1997, as to Linton.

Seeking to enforce the default judgments against American Family, plaintiffs on August 21, 1997, filed a motion for summary judgment, largely based on *Motorists Mut. Ins. Co. v. Handlovic* (1986), 23 Ohio St.3d 179, 23 OBR 343, 492

N.E.2d 417. The trial court denied the motion by decision dated September 29, 1997.

On January 20, 1998, plaintiffs filed a motion requesting an order of binding arbitration, presenting their July 8, 1996 letter as their demand for arbitration. American Family opposed the motion, contending that plaintiffs had effectively waived the right to arbitration found in plaintiffs' insurance contract. On February 6, 1998, plaintiffs responded with a motion for stay of the trial, then scheduled for February 17, 1998, pending arbitration. The trial court, by decision dated February 20, 1998, denied both motions, finding that plaintiffs had waived their right to arbitrate by the acts they had taken subsequent to their July 8, 1996 letter. Plaintiffs appeal, assigning one error:

"The trial court committed prejudicial error by denying plaintiff–appellants' motion for binding arbitration and motion to stay the trial pending arbitration."

Preliminarily, we address whether plaintiffs' appeal presents a final appealable order. Generally, an order denying a stay is a final appealable order under R.C. 2711.02. *Kelm v. Kelm* (1992), 73 Ohio App.3d 395, 398, 597 N.E.2d 535, 536–537. American Family, while conceding that the trial court order is a final order, argues that it is not an appealable order because it lacks the language "there is no just reason for delay," necessary to perfect an appeal pursuant to Civ.R. 54(B).

Civ.R. 54(B) concerns a judgment upon multiple claims or involving multiple parties that does not dispose of all those claims or parties. To be final and appealable in those circumstances, an order must comply with Civ.R. 54(B) and specify no just cause for delay. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus. Here, not only would arbitration arguably dispose of all remaining issues, but denial of a motion to stay proceedings pursuant to R.C. 2711.02 is a final appealable order even without the language required in Civ.R. 54(B). *Stewart v. Shearson Lehman Bros., Inc.* (1992), 71 Ohio App.3d 305, 593 N.E.2d 403, syllabus. Accordingly, this court has jurisdiction to hear plaintiffs' appeal.

The trial court found that although plaintiffs made a demand for arbitration on American Family, plaintiffs' acts subsequent to that demand, including the filing of the complaint, motions for summary judgment, a motion for reconsideration, and two discovery requests served on American Family, waived their right to arbitration under the policy.

Ohio public policy favors arbitration to resolve disputes. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242, 1244–1245; *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 412, 701 N.E.2d 1040, 1044, citing *Campbell v. Automatic Die & Products Co.* (1954), 162 Ohio St.

321, 329, 55 O.O. 195, 198, 123 N.E.2d 401, 405. The right to arbitration, however, just like any other contractual right, may be waived. See *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126, 128, 606 N.E.2d 1054, 1055; *Siam Feather & Forest Products Co., Inc. v. Midwest Feather Co., Inc.* (S.D.Ohio 1980), 503 F.Supp. 239, 242. "Waiver as applied to contracts is a voluntary relinquishment of a known right." *White Co. v. Canton Trans. Co.* (1936), 131 Ohio St. 190, 5 O.O. 548, 2 N.E.2d 501, paragraph one of the syllabus; *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 368, 643 N.E.2d 1122, 1127–1128. Waiver of the right to arbitrate is not to be lightly inferred. *Harsco, supra,* 122 Ohio App.3d at 415, 701 N.E.2d at 1046, citing *Campbell, supra,* 162 Ohio St at 329, 55 O.O. at 198, 123 N.E.2d at 405; *Springfield v. Walker* (1885), 42 Ohio St. 543, 546. Because of the strong public policy in favor of arbitration, the heavy burden of proving waiver of the right to arbitration is on the party asserting a waiver. *Tenneco Resins, Inc. v. Davy Internatl., AG* (C.A.5, 1985), 770 F.2d 416, 420; *Fisher v. A.G. Becker Paribas, Inc.* (C.A.9, 1986), 791 F.2d 691, 694. A party asserting waiver has to prove two elements: that the party waiving the right knew of the existing right of arbitration, and that it acted inconsistently with that right. *Phillips v. Lee Homes, Inc.* (Feb. 17, 1994), Cuyahoga App. No. 64353, unreported, 1994 WL 50696.

An arbitration provision in a contract may be waived either by express words or by necessary implication. *Fickenworth v. Farmers Ins. Group* (Mar. 31, 1988), Franklin App. No. 87AP–1030, unreported, 1988 WL 37107. Thus, a plaintiff's filing of a complaint may be a waiver of that party's right to arbitrate. *Mills v. Jaguar–Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 113, 23 O.O.3d 142, 143–144, 430 N.E.2d 965, 966–967; *Jones v. Honchell* (1984), 14 Ohio App.3d 120, 122, 14 OBR 135, 137–138, 470 N.E.2d 219, 221–222. Similarly, other acts inconsistent with the right to proceed with arbitration, including actively participating in litigation, may effect a waiver. *Siam Feather, supra,* 503 F.Supp. at 242; *Compuserve, Inc. v. Vigny Internatl. Fin. Ltd.* (S.D.Ohio 1990), 760 F.Supp. 1273, 1279, fn. 2.

Plaintiffs' case is different from a typical waiver case because plaintiffs made an earlier demand for arbitration to which American Family did not respond. American Family contends plaintiffs' demand was contingent on whether a demand was "required within a certain period of time" under plaintiffs' policy. Because plaintiffs' policy contains no such condition, American Family contends that the letter is ineffective to constitute a demand. Moreover, absent a demand, American Family asserts that plaintiffs' filing a lawsuit and pursuing a year of litigation, including motions for summary judgment, obtaining default judgments against the tortfeasors, and even a motion for reconsideration, are

inconsistent with the right to arbitration and therefore constitute waiver of the right.

Nonetheless, for plaintiffs to waive their right to arbitration, they must have known that they had such a right. *White Co., supra,* 131 Ohio St. 190, 5 O.O. 548, 2 N.E.2d 501. Plaintiffs did not know that their policy required such a demand. Even though plaintiffs requested a copy of their insurance policy, American Family never sent such a copy until American Family attached it to a memorandum in September 1997, fourteen months after plaintiffs first requested it and eight months after plaintiffs filed their complaint. Absent knowledge of the policy, plaintiffs cannot be deemed to have waived their right to arbitrate, because they did not know what they would be waiving. See *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 180, 631 N.E.2d 1130, 1134 ("A waiver is a voluntary relinquishment of a known right, with the intent to do so *with full knowledge of all the facts*" [emphasis added]). Because American Family did not forward a copy of the insurance policy until September 8, 1997, plaintiffs' acts up until that date are not inconsistent with a known right to arbitrate

Plaintiffs learned of the right to arbitrate on September 8, 1997. On January 20, 1998, plaintiffs filed a motion for binding arbitration, and on February 6, 1998, they filed a motion for stay pending arbitration. Plaintiffs' acts between their learning of that right to arbitrate and their seeking arbitration resolve the issue in this case.

Between those dates, plaintiffs (1) on October 3, 1997, filed a motion for reconsideration of the trial court's decision denying summary judgment against American Family, (2) on the same day, sent American Family a second set of interrogatories and requests for admissions, (3) on October 21, 1997, filed a motion for summary judgment against Linton, requesting that the court declare that Linton negligently operated her vehicle at the time of the accident, (4) on November 6, 1997, filed a supplemental disclosure of witnesses and a reply to American Family's motion for an extension of the discovery cut-off deadline, (5) on December 3, 1997, participated in mediation of the case, and (6) on January 13, 1998, filed a pretrial statement and supplement to a previous disclosure of witnesses, as well as a supplemental memorandum in support of the motion for reconsideration filed October 3, 1997.

"Mere 'participation' in a lawsuit is probably not enough to support a finding of waiver." *Hercules & Co., Ltd. v. Beltway Carpet Serv., Inc.* (D.C.App. 1991), 592 A.2d 1069, 1075. Rather, "[a]ctive participation in a lawsuit * * * evincing an acquiescence to proceeding in a judicial rather than arbitration forum" has been found to support a finding of waiver. *Envirex, Inc. v. K.H. Schussler Fur Umwelttechnik GMBH* (E.D.Wis.1993), 832 F.Supp. 1293, 1295; see, also, *Van Ness Townhouses v. Mar Industries Corp.* (C.A.9, 1988), 862 F.2d

754, 758–759 (finding waiver where party actively participated in litigation, including motions and pretrial orders before moving to compel arbitration). Similarly, engaging in discovery will not necessarily result in waiver of arbitration rights. *Williams v. Katten, Muchin & Zavis* (N.D.Ill.1993), 837 F.Supp. 1430, 1442; *Tenneco Resins, Inc., supra,* 770 F.2d at 420–421. Nonetheless, waiver may occur "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Gavlik Constr. Co. v. H.F. Campbell Co.* (C.A.3, 1975), 526 F.2d 777, 783.

Plaintiffs here served on American Family one set of interrogatories and a request for documents, a limited discovery not necessarily waiving the right to arbitrate. Cf. *Hoxworth v. Blinder, Robinson & Co., Inc.* (C.A.3, 1992), 980 F.2d 912, 925 (finding waiver after noting that defendants took depositions of all of the named plaintiffs); *United States ex rel. Duo Metal & Iron Works, Inc. v. S.T.C. Constr. Co.* (E.D.Pa.1979), 472 F.Supp. 1023, 1025 (finding waiver after plaintiff spent considerable effort and expense in discovery for nineteen months).

Plaintiffs' summary judgment motion, however, is more problematic. A motion for summary judgment, while not a trial, is the procedural equivalent of a trial: it is a procedural device designed to terminate litigation and to avoid a formal trial where no issues exist for trial. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616. Filing a motion for summary judgment is inconsistent with the right to arbitrate because it places the dispute squarely before the court for resolution on the merits and demonstrates an election to proceed with litigation as opposed to arbitration. As a result, many courts hold that filing a motion for summary judgment constitutes waiver of the right to arbitrate. See, *e.g., Natl. Found. for Cancer Research v. A.G. Edwards & Sons* (C.A.D.C.1987), 821 F.2d 772, 775–776; *Jones Motor Co., Inc. v. Chauffeurs Teamsters & Helpers Local Union* (C.A.1, 1982), 671 F.2d 38, 44; *Sweater Bee by Banff v. Manhattan Industries, Inc.* (C.A.2, 1985), 754 F.2d 457, 465; *St. Mary's Med. Ctr. v. Disco Alum. Products* (C.A.7, 1992), 969 F.2d 585, 589; *Capital Mtge. Corp. v. Coopers & Lybrand* (1985), 142 Mich.App. 531, 369 N.W.2d 922, 924; *Northland Ins. Co. v. Kellogg* (Okla.App.1995), 897 P.2d 1161, 1162.

Plaintiffs' motion for summary judgment here sought to declare that the tortfeasor was negligent as a matter of law, an issue arbitrable under American Family's insurance policy. By submitting that issue to the trial court for resolution on the merits, plaintiffs acted inconsistently with the right to arbitrate. *Natl. Found., supra,* 821 F.2d 772 (finding waiver when a plaintiff moved for summary judgment on eight of eleven counts and for partial summary judgment on two of the remaining three counts, as plaintiff had "made a conscious decision" to exploit the benefits of the judicial system with respect to the arbitrable claims);

*Sweater Bee, supra,* 754 F.2d 457 (finding that a motion for summary judgment would preclude any arbitration of the issue by virtue of waiver); cf. *Hercules & Co., supra,* 592 A.2d 1069 (finding that submission of nonarbitrable issue upon summary judgment motion did not constitute waiver of right to arbitrate).

The filing of plaintiffs' motion for summary judgment in the present case was an act wholly inconsistent with arbitration and constituted a waiver of the right to arbitration. *Jones Motor Co., supra,* 671 F.2d at 44 (finding that party's submission of case for summary judgment and willingness to accept determination of the case on the merits before moving for arbitration was inconsistent with the right to arbitration). The trial court thus did not err when it found that plaintiffs had waived their contractual right to arbitration.

Plaintiffs' single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER, P.J., and LAZARUS, J., concur.