DECISION AND JOURNAL ENTRY
Appellant Aironet Wireless Communications, Inc. has appealed from an order of the Summit County Common Pleas Court that stayed the present matter pending arbitration and transferred it to the inactive docket. This Court affirms.
 I.
During July 1997, Aironet entered into a Public Relations Service Agreement with Appellee C. Brian Grimm, d.b.a. Health Wave (Grimm). Pursuant to the Agreement, Grimm would provide marketing services for Aironet for a fixed monthly retainer fee. The Agreement contained the following arbitration provision:
 Any dispute between the parties arising out of this Agreement shall be submitted to final and binding arbitration in the City of Wilmington, North Carolina, County of New Hanover, State of North Carolina, under the Commercial Arbitration Rules of the American Arbitration Association then in effect, upon written notification and demand of either party therefore[.]
After finding a discrepancy in its bill, Aironet terminated the Agreement with Grimm during January 1999. Grimm sent Aironet a final bill for approximately $55,000, which Aironet disputed. During May 1999, Grimm's attorney sent a letter to Aironet indicating that Grimm was considering a lawsuit. The parties attempted to resolve the matter; however, on August 13, 1999, Aironet filed a complaint for Declaratory Judgment in the Summit County Common Pleas Court in Akron, Ohio. On September 20, 1999, Grimm filed a motion to dismiss or stay the proceedings pending arbitration. The trial court granted Grimm's request and ordered a stay on September 30, 1999. Shortly thereafter, Aironet moved the trial court to reconsider its order. The trial court reconsidered the matter and had the parties brief the relevant issues. On January 25, 2000, the trial court stayed the action pending arbitration and transferred the case to the inactive docket. Aironet timely appealed, asserting one assignment of error.[1]
 II. The trial court committed reversible error when it granted [Grimm's] motion to stay the proceedings pending arbitration and issued orders staying the case and transferring the case to the inactive docket pending arbitration since [Grimm's] actions constitute both an express and implied waiver of the arbitration clause in the contract between [Aironet and Grimm].
In its sole assignment of error, Aironet has argued that the trial court should not have granted Grimm's motion for a stay because Grimm waived its right to arbitration. This Court disagrees.
The party seeking to enforce an arbitration clause must file a motion to stay the legal proceedings. R.C. 2711.02; see, also, Harsco Corp. v.Crane Carrier Co. (1997), 122 Ohio App.3d 406, 412. R.C. 2711.02
provides, in part:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
A trial court's decision to stay proceedings pending arbitration shall not be overturned absent an abuse of discretion. Harsco,122 Ohio App.3d at 410. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Id.
Because of the strong public policy in Ohio that encourages the arbitration of disputes, a waiver of the right to arbitrate will not be readily enforced. (Citations omitted). Griffith v. Linton (1998),130 Ohio App.3d 746, 750-751. The party asserting waiver bears the heavy burden of proving "that the party waiving the right knew of the existing right to arbitration, and that it acted inconsistently with that right."Id. at 751. The waiver may occur with expressed words or by necessary implication. Id. For example, the filing of a complaint or participation in litigation may constitute a waiver. Id. When determining whether a party waived their right to arbitration, the trial court should consider the totality of the circumstances in the case. Circumstances, which may be considered by the trial court, include:
 (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.
(Citations omitted.) Harsco, 122 Ohio App.3d at 415.
As previously mentioned both parties in the instant case entered into an Agreement that contained a provision for arbitration. This Court notes that neither party has disputed the fact that the right to arbitration existed in the Agreement.[2] Instead, the sole issue was whether Grimm's actions constituted a waiver of its right to arbitration.
In support of its argument that Grimm expressly waived its right to arbitration, Aironet has pointed to a letter from Grimm's attorney. The letter indicated that Grimm's attorney would file a lawsuit in North Carolina if the parties could not resolve the dispute. Attached to this letter was a copy of a complaint that Grimm's attorney had prepared. Aironet has also argued that even if Grimm did not expressly waive its right to arbitration, Grimm's participation in extensive negotiations over the disputed amount constituted a waiver.
After reviewing the record, this Court concludes that the trial court did not abuse its discretion by granting Grimm's motion to stay the proceedings pending arbitration. The fact that Grimm was willing to resolve the dispute does not establish a waiver of its right to arbitrate. See Hall v. Frantz (May 24, 2000), Summit App. No. 19630, unreported, at 6. Moreover, the mere threat of litigation does not equal a waiver of arbitration. To invoke its right to arbitration, Grimm needed to file a request to stay the proceedings, pursuant to R.C. 2711.02. Aironet filed its complaint for declaratory judgment on August 13, 1999. Shortly thereafter, Grimm filed its motion to stay the matter. Based on the foregoing, Aironet's argument that Grimm waived its right to arbitration is without merit.
 III.
Aironet's sole assignment of error is overruled. The judgment of the Summit County Common Pleas court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, SLABY, P. J., CARR, J., CONCUR
[1] Pursuant to R.C. 2711.02, an order that grants or denies a stay of arbitration is a final appealable order.
[2] In its reply brief, Aironet has asserted for the first time that the arbitration clause in the Agreement was not mandatory. Consequently, any error, which arose during the course of a civil proceeding that was not brought to the trial court's attention by objection, or otherwise, is waived and may not be reviewed on appeal. Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121.