OPINION
 STATEMENT OF THE FACTS AND CASE
This is an appeal from an order of the Stark County Common Pleas Court ordering into binding arbitration the claim of Dan B. Hendry brought by his guardian, Matthew W. Oberholtzer under a policy of insurance issued by appellant (CNA) to the Canton Repository, employer of Dan B. Hendry at the time of an accident of November 24, 1997 injuring Mr. Hendry.
The appellee Guardian brought this action under the decision of the Ohio Supreme Court in the Scott-Pontzer v. Liberty Mutual Insurance Co. (1999), 85 Ohio St.3d 660.
The CNA policy contained the following provision:
 If we and the "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
The Indiana Insurance Company, which insured the employer of Jennifer Hendry, may have potential liability under a Scott-Pontzer theory but did not have an arbitration requirement in its policy and was not ordered to participate in such binding arbitration.
The appellee guardian did not make demand for arbitration but filed a declaratory judgment action to determine coverage.
CNA, in its answer, denied the existence of coverage under its policy.
Approximately nine months after suit was filed, the guardian moved for arbitration. Other parties also joined in the arbitration motion.
The resulting order is the basis of this appeal.
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN ORDERING THIS MATTER TO ARBITRATION BECAUSE PLAINTIFFS WAIVED THEIR RIGHT TO ARBITRATION BY CHOOSING TO LITIGATE, AND THEN LITIGATING THIS MATTER FOR APPROXIMATELY NINE (9) MONTHS BEFORE TRYING TO ASSERT THE ARBITRATION PROVISION FROM THE INSURANCE CONTRACT.
 II. THE TRIAL COURT ERRED IN ORDERING ONE DEFENDANT TO BINDING ARBITRATION ON THE ISSUE OF DAMAGES ONLY, WHEN ANOTHER SIMILARLY SITUATED "SCOTT PONTZER" DEFENDANT EXISTS, WHO IS NOT SUBJECT TO ARBITRATION AND WILL HAVE DAMAGES DETERMINED BY A JURY, THEREBY GIVING RISE TO POTENTIALLY CONFLICTING AND IRRECONCILABLE RESULTS BETWEEN SIMILARLY SITUATED CO-DEFENDANTS WHOSE RESPECTIVE LIABILITIES ARE SUBJECT TO A PRO RATA DETERMINATION. THE POTENTIALLY IRRECONCILABLE RESULTS WILL FURTHER RAISE SIGNIFICANT QUESTIONS OF RECOVERABILITY BY THE PLAINTIFFS.
 I.
In its First Assignment of Error, appellant argues that appellee's waived their right to arbitration. We disagree.
Upon review of the record, we find that appellant's did not raise the issue of waiver before the trial court and therefore we must review this matter under a plain error analysis.Implementation of the plain error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223; State v. Long
(1978), 53 Ohio St.2d 91. The plain error doctrine permits correction of judicial proceedings where error is clearly apparent on the face of the record and is prejudicial to the appellant. Reichert, supra at 223.See also: State v. Eiding (1978), 57 Ohio App.2d 111. Although the plain error doctrine is a principle applied almost exclusively in criminal cases, the Ohio Supreme Court has stated that the doctrine may also be applied in civil causes, if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings." Reichert, supra at 223, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 209; Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 288.
The First Assignment of Error correctly cites the requirements necessary to establish waiver of the contractual right to arbitrate.Griffith v. Linton (1998), 130 Ohio App.3d 746 :
 (1) that the party waiving the right knew of the existing right of arbitration, and
(2) that it acted inconsistently with that right.
The conclusion drawn by appellant based upon Griffith, to wit:
 "Therefore, in order to satisfy the first element of the waiver test, it simply needs to be shown that the policy was delivered to the plaintiffs."
is not supported by the explicit terms of the policy set forth heretofore.
Appellees did not, under said policy, possess the right of arbitration if coverage was disputed. Appellant's answer disputed coverage. Until a court determined that coverage existed, knowledge of the right to arbitration would not only not be inferred by possession of the policy, but the opposite would be true.
Therefore, the cases cited by appellant in support of waiver of a right to arbitrate are not applicable.
The problem, however, which we have with the order of the trial court referring the matter to binding arbitration is that until the determination is made under CNA's declaratory judgment action that coverage exists, the policy, by its terms, does not provide the right to arbitration.
Ultimately, if the court determines, for example, that coverage is absent, there is a created conflict by ordering binding arbitration.
Therefore, we must reverse the trial court's Order as to such and remand for a determination of coverage. No waiver by appellants existed as no known right to arbitrate can be inferred.
This was the purpose of the Declaratory Judgment request.
The mere fact that no request to arbitration was made prior to filing the action, sub judice, is meaningless as CNA could consent or deny such a request. No legal consequences arose by the failure as such could be inconsequential.
We must disagree with each Assignment of Error but reverse and remand as plain error appears from the record with the trial court referring to binding arbitration prior to a determination if coverage existed.
 II.
The Second Assignment of Error fails in that CNA could have provided for the eventuality of a co-defendant with a non-arbitrable policy of insurance.
This possibility could easily arise with multiple tortfeasors without aScott-Pontzer theory of liability being present.
Essentially, appellant is requesting an advisory opinion, which we have made clear, this Court does not issue. State v. Brown (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported.
This cause is reversed and remanded to the trial court for a determination of coverage under the CNA policy prior to a consideration of arbitration.
By BOGGINS, J. FARMER, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Common Pleas Court, Stark County, Ohio is reversed and remanded. Costs to appellee.