OPINION
Defendant-appellant, Nissan Diesel America ("Nissan Diesel") appeals from the August 27, 2001 decision and entry of the Franklin County Court of Common Pleas denying Nissan Diesel's motion for stay of trial pursuant to R.C. 2711.02 and denying its motion for leave to file third-party complaint. For the reasons that follow, we affirm.
In September 1994, plaintiff-appellee, Robert Atkinson ("Atkinson"), entered into a 60-month lease agreement with defendant-appellee, Dick Masheter Leasing II ("Masheter Leasing"), for a 1995 Nissan UD-2600 truck. Masheter Leasing made several repairs which were covered under the manufacturer's warranty.
Upon the expiration of the warranty, Atkinson initiated this action on May 28, 1999, against both Masheter Leasing and Nissan Motor Corporation. After waiting nearly a year, Nissan Motor Corporation filed a motion for summary judgment on March 3, 2000, on the grounds that Atkinson had named the incorrect corporate defendant. Apparently conceding the error, Atkinson moved that day to amend the complaint to substitute Nissan Diesel for defendant Nissan Motor Corporation. A copy of the amended complaint was attached to Atkinson's motion and was served on defendant Masheter Leasing's counsel, but not on Nissan Diesel. Atkinson was granted leave to amend his complaint on April 5, 2000. For some reason, Atkinson did not attempt service of his amended complaint on Nissan Diesel until March 26, 2001.
On April 19, 2000, Masheter Leasing filed an answer to the amended complaint. Additionally, Masheter Leasing filed and properly served a crossclaim against Nissan Diesel for indemnification, in the event Masheter Leasing were to be found liable to Atkinson. The crossclaim was served on May 24, 2000 and Nissan Diesel filed its answer to the crossclaim on June 21, 2000.
As the trial court noted, however, the amended complaint was not properly served on Nissan Diesel originally, and nearly a year passed before Nissan Diesel moved to be dismissed as a party on April 19, 2001. On April 24, 2001, Atkinson filed for dismissal without prejudice of his claims against Nissan Diesel. Nissan Diesel followed up with a motion seeking dismissal of the crossclaim, claiming that since it was never a party to the amended complaint, the crossclaim must also be dismissed.
On May 24, 2001, the trial court issued a decision denying Nissan Diesel's motion to dismiss the crossclaim, finding that it had been properly served. The trial court held that Masheter Leasing should not be prejudiced by Atkinson's failure to serve the amended complaint on Nissan Diesel.
On July 10, 2001, Nissan Diesel filed a motion for leave to file a motion for summary judgment which was denied by the trial court, as there was insufficient time to rule on a dispositive motion before the upcoming trial date. The motion for summary judgment raised, for the first time, the issue of arbitration.
In its decision and entry of August 27, 2001, the trial court denied the motion for stay pending arbitration, finding that Nissan Diesel had waived the right to arbitration under its agreement with Masheter Ford, the parent company of Masheter Leasing. The trial court also denied Nissan Diesel's motion for leave to file a third-party claim, finding that it was not timely filed.
An appeal was filed on August 31, 2001, assigning as error the following:
"ASSIGNMENT OF ERROR I:
 "THE TRIAL COURT ERRED IN DENYING THE R.C. 2711.02(B) MOTION FOR STAY.
"ASSIGNMENT OF ERROR II:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT NISSAN'S MOTION TO DISMISS THE CROSS-CLAIM OF APPELLEE MASHETER.
"ASSIGNMENT OF ERROR III:
 "THE TRIAL COURT ERRED IN DENYING THE MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT INSTANTER OF APPELLANT NISSAN."
Nissan Diesel claims in its first assignment of error that the trial court erred in denying its motion for stay pending arbitration made pursuant to R.C. 2711.02(B).
As a preliminary matter, we note that an order which denies a stay pursuant to R.C. 2711.02 is a final appealable order. R.C. 2711.02(C). The standard of review for a decision to deny a motion to stay the proceedings pending arbitration is abuse of discretion. Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. "Abuse of discretion" connotes more that an error of law or judgment; it implies that the court is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
As this court has noted, it is well settled that the public policy of Ohio strongly favors arbitration in the resolution of disputes. Griffith v. Linton (1998), 130 Ohio App.3d 746, 750-751; Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711; Harsco Corp. at 412; quoting Campbell v. Automatic Die Products Co. (1954), 162 Ohio St. 321, 329. However, like any other right that attaches under a contract, the right to arbitration may be waived. Griffith, supra, at 751. Waiver may result from either express words or by necessary implication. Id. Courts have found the right to proceed with arbitration to be adversely affected where a party has acted inconsistently with the right, such as actively participating in litigation. Id.
The right to arbitrate may be easily preserved where it is asserted and a stay of the legal proceeding is sought pending arbitration. Baumann v. Purchase Plus Buyers Group, Inc. (Nov. 29, 2001), Franklin App. No. 01AP-297. Further, it is true that any waiver of the right to arbitrate will not be lightly inferred. Griffith, at 751.
In Griffith, this court held that the party asserting waiver must prove both that the party waiving the right knew of the existing right to arbitration, and that it acted inconsistently with that right. Id. at 751; see, also, Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353. For example, this court has found that a motion for summary judgment seeking to declare that the tortfeasor was negligent as a matter of law constitutes an election to proceed with litigation and to abandon arbitration. Griffith, at 754. Said another way, waiver attaches where there is active participation in a lawsuit, "evincing an acquiescence to proceeding in a judicial rather than arbitration forum." Id. at 752. This must be contrasted with mere participation in a lawsuit, which is generally not enough to establish waiver. Id.
Where, as here, we are presented with a situation where there is no express waiver of a contractual right to arbitration, waiver may still be found to have arisen by implication where a party has actively participated in prosecuting or defending against a claim in litigation or from any acts inconsistent with the party's right to move forward with arbitration. First Financial Savings Assn. v. Hillsmith Constr. Co. (June 21, 1989), Hamilton App. No. C-880260. There are no talismanic formulas for determining if the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight. Id. Instead, courts often must undertake a case-by-case review of all relevant facts and circumstances to examine the nature and extent of a particular party's participation in the litigation to determine whether it should be held to prevent the assertion of a right to arbitration. See id.
The governing statute, R.C. 2711.02, has been held to reflect a legislative judgment that arbitration, to the limited extent it may be raised at all during adjudication on the merits, presents nothing more than a question of where the matters in controversy are to be resolved. Id. Succinctly, it boils down to a choice of forum. Id. To comply with the statute, that choice must be made detached from, and prior to, any adjudicatory process. Id.
Here, the underlying case had been pending for some time, well before Nissan Diesel had a chance to assert any right to arbitration. Nevertheless, Nissan Diesel asserts that it raised the issue of arbitration at the earliest opportunity, in its answer to Masheter Leasing's crossclaim. We find no support in the record that Nissan Diesel raised this defense in its answer. Nissan Diesel's answer to Masheter Leasing's crossclaim is cryptic, never specifically asserting any right to arbitration in the 22 points raised. Nissan Diesel asserts in its appellate brief that its assertion in its answer that "Defendant Masheter's Cross-Claim is barred in whole or in part by its contractual agreements with Defendant Nissan Diesel America, Inc.," and, "Defendant Masheter's Cross-Claim is barred in whole or in part by its own actions, negligence, representations, and/or breaches of contract" raised its defense of arbitration. (See answer of Nissan Diesel America, Inc. to crossclaim of Masheter Leasing, Inc.) This is not the assertion of the right to arbitration contemplated under the rules. Civ.R. 8(C) provides that "arbitration and award" is a matter that must be affirmatively pled. Courts have held that an arbitration defense, pursuant to R.C.2711.02, should be affirmatively pled. See Harsco Corp., at 412; Austin v. Squire (1997), 118 Ohio App.3d 35.
In addition to failing to affirmatively plead the defense in its answer, Nissan Diesel continued to invoke the adjudicatory powers of the court without raising the issue of arbitration. On June 21, 2000, Nissan filed a motion asking the court for a status conference to discuss rescheduling the trial and revising the case scheduling order. On July 25, 2000, the court and the parties adopted an amended scheduling order as requested by Nissan Diesel. Nissan Diesel filed a motion to dismiss on March 23, 2001, and a subsequent reply memorandum on April 9, 2001, nowhere invoking its right to arbitration. This motion was later stricken as untimely. Nissan Diesel also refiled its motion to dismiss on April 19, 2001, including arguments not previously included in the stricken motion to dismiss, none of which included arbitration. Nissan Diesel joined in a request for a continuance on May 8, 2001, and filed a separate notice of appearance adding co-counsel on May 18, 2001, before finally directly raising arbitration in its motion for leave to file summary judgment on July 10, 2001.
Based on Nissan Diesel's conduct in repeatedly invoking the adjudicatory process of the court over the arbitration process, Nissan Diesel, by its conduct, waived any claim to arbitration that it may have had. As such, we need not reach Masheter Leasing's argument that it is not bound by the arbitration provision in the contract between Masheter Ford and Nissan Diesel. Appellant's first assignment of error is not well-taken and is overruled.
In its second assignment of error, Nissan Diesel asserts that the trial court erred in failing to dismiss Masheter Leasing's crossclaim.
App.R. 3(D) prescribes that a notice of appeal "shall designate the judgment, order or part thereof appealed from." The notice of appeal was, by its own terms, confined to the entry filed on August 27, 2001. The motion to dismiss the crossclaim was denied on May 24, 2001. Thus, the alleged error is not properly before this court.
In addition, the failure of the trial court to dismiss a crossclaim is not a final appealable order, and thus we lack jurisdiction to consider the merits of the assignment. See, e.g., Erie Ins. Group v. Nationwide Mut. Ins. Co. (1989), 65 Ohio App.3d 741, 746-747. Accordingly, Nissan Diesel's second assignment of error is not well-taken and is overruled.
In its third assignment of error, Nissan Diesel complains that the trial court erred in denying its motion for leave to file a third-party complaint.
Although properly included in Nissan Diesel's notice of appeal, the denial of the motion for leave to file a third-party complaint is not a final appealable order as it is not a determination as to the merits of the third-party complaint and will not prevent Nissan Diesel from subsequently obtaining a judgment against the third-party defendant. German v. Hickman (June 24, 1994), Portage App. No. 93-P-0041. Appellant's third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.