OPINION
{¶ 1} Defendants-appellants, Georgetown Limited Partnership and Homes by Calkins, Inc.,[1] appeal the decision of the Warren County Common Pleas Court to deny their motion to stay proceedings pending arbitration. We affirm the decision of the trial court for the reasons outlined below.
 {¶ 2} Plaintiff-appellee, Georgetowne Condominium Owners Association ("Owners Association"), filed a complaint against appellants asserting several claims, including breach of contract and breach of warranties, arising from alleged problems with the condominium complex common areas developed or built by appellants.
 {¶ 3} The complaint was filed on May 3, 2000, and, after obtaining additional time, appellants answered on June 16, 2000. Appellants received permission to file an amended answer on November 27, 2000, in which they asserted an additional defense that the Owners Association's claims were barred by an arbitration clause in the contracts between Georgetowne Limited Partnership and the individual condominium owners.
 {¶ 4} On March 19, 2001, appellants filed a motion to stay proceedings pending arbitration. A magistrate denied the stay, finding that appellants had waived arbitration. The magistrate's decision was adopted by the trial court, and appellants appealed.
Assignment of Error No. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS IN FINDING THAT DEFENDANTS/APPELLANTS WAIVED THEIR RIGHT TO ARBITRATE BY FAILING TO TIMELY ASSERT SUCH RIGHT."
 {¶ 5} Appellants appeal the trial court's decision on the narrow issue that it was error to find that appellants waived their right to arbitrate.[2]
 {¶ 6} We apply an abuse of discretion standard in reviewing the trial court's determination that the right to arbitrate was waived.Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 7} Either party to a contract of arbitration may waive arbitration, and a plaintiff's waiver may be affected by filing suit.Harsco Corp. v. Crane Carrier Co., 122 Ohio App.3d at 412. When the opposite party is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause by application to stay the legal proceedings pending the arbitration. R.C.2711.02. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver. Harsco at 412, quoting Mills v.Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111.
 {¶ 8} R.C. 2711.02(B) states:
 {¶ 9} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. * * *"
 {¶ 10} Because of the strong public policy in favor of arbitration, the heavy burden of proving waiver of the right to arbitration is on the party asserting waiver. Griffith v. Linton (1998),130 Ohio App.3d 746, 751.
 {¶ 11} To prove that the defending party waived its right to arbitration, the complainant is required to demonstrate, based on the totality of the circumstances, that the defending party knew of an existing right to arbitration and acted inconsistently with that right to arbitrate. Harsco, 122 Ohio App.3d at 413-414.
 {¶ 12} An arbitration provision in a contract may be waived either by express words or by necessary implication. Griffith v. Linton,130 Ohio App.3d at 751. There are no talismanic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight. Atkinson v. Dick MasheterLeasing, Inc., Franklin App. No. 01AP-1016, 2002-Ohio-4299. Instead, courts often must undertake a case-by-case review of all relevant facts and circumstances to examine the nature and extent of a particular party's participation in the litigation to determine whether it should be held to prevent the assertion of a right to arbitration. Id.
 {¶ 13} The trial court may consider the following circumstances: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the nonrequesting party has been prejudiced by the requesting party's inconsistent acts.Harsco, citing Rock v. Merrill, Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126.
 {¶ 14} The trial court determined that appellants knew of their right to arbitration, but acted inconsistently with that provision. Appellants counter that they were unaware of the legal significance of the arbitration agreements in the contracts with the individual condominium owners until their legal counsel discovered the arbitration provision months after this same legal counsel answered the complaint filed by the Owners Association.
 {¶ 15} Appellants also argue that they preserved their arbitration rights when their initial answer contained the third affirmative defense that the Owners Association failed to state a claim upon which relief could be granted.
 {¶ 16} The magistrate did not find it a credible argument that Georgetowne Limited Partnership was not aware of the arbitration provision in the contracts it offered to the condominium owners. The magistrate also noted that appellants acknowledged and cited to the arbitration provision when they responded to interrogatories on September 29, 2000. In these interrogatories, Roger Miller, general partner in Georgetowne Limited Partnership, explained that the third defense of failure to state a claim in the initial complaint was referring to the arbitration provision.
 {¶ 17} Appellants did not file an amended answer that clearly and affirmatively asserted the arbitration clause until nearly two months after the interrogatories were answered and four months after their initial answer was filed. Appellants also did not file a motion to stay proceedings pending arbitration for another four months after the amended answer was filed. It is incumbent upon the party seeking arbitration to immediately move for a stay of proceedings. Phillips v. Lee Homes, Inc.
(Feb. 17, 1994), Cuyahoga App. No. 64353. The trial court did not abuse its discretion in finding that appellants knew of their existing right of arbitration.
 {¶ 18} The trial court also found that appellants acted inconsistently with this right of arbitration, thereby waiving it. We note that we have reviewed the case law cited by both parties on this issue. Considering the totality of the circumstances, the trial court did not abuse its discretion in finding that appellants acted inconsistently with their arbitration rights.
 {¶ 19} We previously discussed appellants' delay in demanding arbitration. In addition, appellants engaged in discovery, exchanging and challenging interrogatories with the Owners Association. Appellants also requested and received the production of documents in discovery. Appellants sought to depose the other party's officer, and appellants received an extension of discovery deadlines from the trial court. Further, discovery issues were brought before the trial court for resolution. The magistrate noted that appellants resisted some of the discovery requests of the Owners Association. The magistrate found that the Owners Association would be prejudiced because it would not receive the discovery it initially requested if the proceeding was stayed by arbitration.
 {¶ 20} While waivers of the right to arbitrate are not to be lightly inferred, Harsco Corp. v. Crane Carrier Co.,122 Ohio App.3d at 415, appellants acted inconsistently with their right to arbitrate, effecting a waiver of that right. Appellants' assignment of error is overruled.[3]
Judgment affirmed.
YOUNG, P.J., and WOLFE, J., concur.
Wolff, Jr., J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] Appellants, Georgetowne Limited Partnership and Homes by Calkins, are represented by the same counsel, who filed all pleadings on behalf of both appellants. Our reference to "appellants" will include both Georgetowne Limited Partnership and Homes by Calkins, unless otherwise specified.
[2] The trial court found that the Owners Association could not be compelled to arbitrate its claims against Homes by Calkins, Inc. because Homes by Calkins, Inc. was not a party to the contract containing the arbitration clause. Therefore, the arbitration rights of Georgetowne Limited Partnership is the only issue properly before this court given appellants' sole assignment of error.
[3] Based upon our ruling on appellants' assignment of error, it is not necessary for this court to address the Owners Association's defensive issues presented for review. R.C. 2505.22.