OPINION
{¶ 1} Defendant, United Magazine Company ("Unimag"), appeals from the judgment of the Franklin County Court of Common Pleas granting plaintiff's motion for summary judgment, denying Unimag's motion for summary judgment, and denying Unimag's motion to stay the proceedings and compel arbitration. For the following reasons, the judgment is affirmed.
 {¶ 2} Plaintiff, Richard Stoll, Sr., now deceased, ("Stoll"), and his 11 children are the former owners of The Stoll Companies. The Stoll Companies was in the business of distributing magazines and soft cover books in Ohio, Michigan, and Indiana. In 1996, Unimag acquired the companies. As part of the acquisition, Unimag assumed the obligations of The Stoll Companies and payments on liabilities. There are two agreements at issue in this appeal, the "Salary Continuation and Death Benefit Agreement" ("salary agreement") and the "Employment Agreement."
 {¶ 3} On September 18, 1996, Stoll entered into the salary agreement. Under this agreement, Unimag promised to pay Stoll certain sums. Unimag actually paid these sums until December 31, 1999, at which time it unilaterally ceased paying. As of December 31, 1999, Unimag owed Stoll $438,333.26 on the first portion of the agreement and $699,999.72 on the second portion of the agreement. Unimag has never paid this money to Stoll. On October 24, 1996, Stoll entered into an employment agreement with Unimag wherein Unimag promised to pay Stoll certain sums. Unimag paid its obligations under the agreement until December 31, 1999, at which time Unimag unilaterally ceased paying. As of December 31, 1999, Unimag owed Stoll $153,800.
 {¶ 4} Stoll performed his obligations under both agreements. During the trial court proceedings, Unimag claimed that it ceased paying in December 1999 under the salary agreement based on its right under the "no obligation to fund" provision contained therein. Unimag also contended that pursuant to the employment agreement, Unimag was exercising its right to arbitration. The trial court denied Unimag's motion for stay of proceedings pending arbitration, denied Unimag's motion for partial summary judgment, and granted Stoll's motion for summary judgment. The trial court awarded Stoll $1,292,132.90 for Unimag's breach of both agreements. Unimag ("appellant") filed the instant appeal.
 {¶ 5} On appeal, Unimag asserts the following assignments of error:
[1.] The trial court erred as a matter of law in its interpretation of the salary continuation and death benefit agreement in that it failed to construe most strongly in appellant's favor appellant's evidence regarding the intention of the parties with respect to an ambiguous clause in that agreement.
[2.] The trial court erred as a matter of law in awarding damages based on inadmissible evidence in violations of Rule 56(e), ohio rules of civil procedure and in awarding future damages which neither earned nor accrued under the terms of the agreement.
[3.] The trial court abused its discretion and erred as a matter of law in failing to stay that portion of the lawsuit pertaining to the employment agreement pursuant to the arbitration provision contained in that agreement.
 {¶ 6} In the first assignment of error, appellant contends the trial court erred in its interpretation of the salary agreement. Appellant claims the trial court did not construe the evidence regarding the parties' intent most strongly in its favor under Rule 56. However, the issue before the court is contract interpretation.
 {¶ 7} The purpose of contract construction is to effectuate the intent of the parties. Fleming v. Rusch Properties (Mar. 1, 2001), Franklin App. No. 00AP-595. The parties' intent is presumed to reside in the language they chose to employ in the agreement. Id. If a contract is clear and unambiguous on its face, its interpretation is a matter of law and there is no issue of fact to be determined. Id. Conversely, if a contract is ambiguous, the meaning of the words is a factual question and a court's interpretation will not be overturned absent an abuse of discretion. Id.; Ohio Historical Society v. Gen. Maintenance Engineering Co. (1989), 65 Ohio App.3d 139. The question of whether a contract is ambiguous is a question of law. Fleming,
supra. A contract is ambiguous if it is susceptible to more than one reasonable interpretation. Id. Questions of law are reviewed de novo. Id.; Ohio Historical Society, supra.
 {¶ 8} Common words appearing in a contract will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the four corners of the documents. Cochran v. Cochran (Aug. 12, 1982), Franklin App. No. 82AP-31, citing Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, syllabus at ¶ 2.
 {¶ 9} The salary agreement contains the following provision:
The Company shall pay to the Employee the monthly sum of $20,833.33, commencing on October 1, 1996 and continuing on the first day of each month thereafter until a total of sixty (60) monthly payments have been made to the Employee and shall thereafter pay to the Employee the monthly sum of $8,333.33, commencing on October 1, 2001, and continuing on the first day of each month thereafter until a total of eighty-four (84) monthly payments have been made to Employee.
Salary agreement, section 1.
 {¶ 10} The salary agreement also contains the following "no obligation to fund" provision:
The Company reserves the absolute right, in it[s] sole and exclusive discretion, to fund the obligations of the Company undertaken by this Agreement or to refrain from funding the same, and to determine the extent, nature and method of such funding, if any.
Id., section 4.
 {¶ 11} Appellant argues the no obligation to fund provision relieves it of its obligation to pay Stoll under the salary agreement. The trial court determined that the words "fund" and "pay" have separate and distinct meanings. The trial court concluded the no obligation to fund provision did not relieve appellant of its obligation to pay Stoll. Specifically, the trial court stated:
The Court finds that [appellant's] obligation to "pay" Stoll's under the Salary Agreement is not relieved by the terms of theNo Obligation To Fund provision contained in the Salary Agreement. By definition the terms "pay" and "fund" have two entirely different meanings. The Court finds that the NoObligation To Fund provision provides that [appellant] has the right to set aside monies for the specific purpose of paying the obligations that [appellant] undertook under the Salary Agreement; [appellant] has the right not to set aside monies for the specific purpose of paying the obligations that [appellant] undertook under the Salary Agreement; and [appellant] has the right to determine the extent natures and the method by which [appellant] will set aside the monies for a specific purpose. The Court finds that the No Obligation To Fund provision does not relieve [appellant] of its obligation to pay Stoll under the Salary Agreement because the obligation to pay Stoll is a debt, which is to be paid in accordance with the terms of the Salary Agreement. There is no evidence before the Court that [appellant's] obligation to pay Stoll under the Salary Agreement has been discharged. Therefore, the Court finds [appellant] owes Stoll the amounts due under the Salary Agreement.
(Emphasis sic; Trial Court Decision at 10-11.)
 {¶ 12} The term "pay" generally means to discharge a debt. The term "fund" includes an asset or group of assets set aside for a specific purpose. We find the terms "fund" and "pay" are clear and unambiguous on their face. Appellant obligated itself to pay Stoll a certain amount each month until 2008. Appellant employed the word "shall" with regard to Stoll's payments. This is clearly a debt of appellant. The salary agreement obligated appellant to pay Stoll until the entire obligation was fulfilled. There is no dispute the company ceased paying Stoll in December 1999.[1] The salary agreement specifically states that the contract was entered into in consideration of Stoll's 40 plus years of service to the company. The obligation to fund merely provides the company discretion in how to fund its obligations or debts, e.g., to set aside money or not set aside money. We find the language used in sections 1, 2, and 4 is clear and unambiguous and demonstrates the parties' intent to reward Stoll for his years of service. Therefore, we do not examine any evidence outside the four corners of the document. Accordingly, appellant's first assignment of error is overruled.
 {¶ 13} In the second assignment of error, appellant argues the trial court erred as a matter of law in awarding damages based on inadmissible evidence and in awarding future damages neither earned nor accrued under the terms of the agreement. We disagree. Stoll maintains that appellant failed to raise the issue of calculation of damages at the trial court. We agree.
 {¶ 14} Stoll and appellant both filed motions for summary judgment regarding the salary agreement. In Stoll's original motion for summary judgment, his reply, his memorandum contra appellant's motion and his surreply, Stoll explained the damages suffered by way of Judy Stoll's affidavit. Appellant did not contest the calculation of damages at any time in the trial court. The only comment appellant made with regard to Judy Stoll's affidavit was in its reply to Stoll's memorandum contra appellant's motion for summary judgment. Appellant states at page 3 of its reply:
The Affidavit of Judy Stoll, provided by Plaintiff's attorneys, does not attest to the intentions of the parties to the Salary Agreement and even if it did Defendant would argue that it is invalid based on the fact that Judy Stoll was not a party to the Salary Agreement and cannot speculate as to another persons perceptions.
 {¶ 15} This statement was made in the context of appellant's argument regarding the parties' intent to show that it did not breach the salary agreement. Appellant simply argued it was not in breach and did not alternatively discuss damages at all. Therefore, we find appellant waived any argument regarding the calculation of damages as it failed to raise the issue in the trial court. Hood v. Rose, 153 Ohio App.3d 199, 2003-Ohio-3268. If appellant wished to argue that the damages asserted by Stoll were inconsistent with the complaint or not proper, appellant should have presented that argument below. Id. at ¶ 11.
 {¶ 16} Even if appellant properly raised the issue below, which it did not, we find the calculation of damages is supported by the contractual terms. By way of Mr. Thompson's affidavit, appellant admitted it ceased paying Stoll as of December 31, 1999. We previously found appellant was in breach of the salary agreement. Appellant's obligations under the salary agreement continued until all payments were made. The damages under the first portion of the agreement total $438,333.26, and the damages on the second portion of the agreement total $699,999.72. The damages under the employment agreement, discussed below, total $153,800. These damages total $1,292,132.90. Therefore, the trial court did not err in its calculations.
 {¶ 17} Moreover, to the extent any damages have not yet accrued and assuming appellant properly raised the issue below, we find that because appellant improperly repudiated its obligations, Stoll is entitled to recover the full amount. When a contracting party repudiates the contract or gives notice to the other party that it will not perform, prior to the time that such party's performance is due an anticipatory repudiation occurs and the injured party has an immediate action for damages for total breach. Daniel E. Terreri Sons, Inc. v. Mahoning Cty. Bd. ofCommrs., 152 Ohio App.3d 95, 2003-Ohio-1227; Banks v. BobMiller Builders, Inc. (Dec. 18, 2001), Franklin App. No. 01AP-582. Here, appellant refused future performance and ceased paying its obligations in 1999. Because we find that appellant's obligation to pay under the salary agreement was not relieved by virtue of the no obligation to fund provision, appellant is in breach. Therefore, the trial court's calculation of damages was proper. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} In the third assignment of error, appellant contends the trial court abused its discretion in denying its motion to stay the proceedings and compel arbitration. The trial court found appellant waived its right to enforce arbitration of the employment agreement. The standard of review for a decision denying a motion to stay proceedings pending arbitration is abuse of discretion. Atkinson v. Dick Masheter Leasing II, Inc.,
Franklin App. No. 01AP-1016, 2002-Ohio-4299. Abuse of discretion connotes more than an error of law or judgment. Id. It implies that the court acted arbitrarily, unreasonably, or unconscionably. Id.
 {¶ 19} Section 10(g) of the employment agreement states:
Any claim of Employee or the Company relating to this Agreement, employment hereunder, or termination of employment, shall be determined by binding arbitration in the City of Toledo, Ohio, in accordance with the rules then prevailing of the American Arbitration Association * * *.
 {¶ 20} Arbitration is encouraged as a method to settle disputes and a presumption arises when the claim in dispute falls within the scope of the arbitration provision. Battle v. BillSwad Chevrolet, Inc. (2000), 140 Ohio App.3d 185, 188, citingWilliams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471. An arbitration provision is in effect a contract within a contract, subject to revocation on its own merits. Battle, supra, at 189. The right to arbitrate, like any other contractual right, may be waived. Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 128. Due to Ohio's strong policy favoring arbitration, the party asserting a waiver has the burden of proving it. Atkinson, supra. A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right. Id.
 {¶ 21} In looking at the totality of circumstances, courts consider the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. Baker-Henning Productions, Inc. v. Jaffe
(Nov. 7, 2000), Franklin App. No. 00AP-36.
 {¶ 22} Waiver attaches where there is active participation in a lawsuit evincing an acquiescence to proceeding in a judicial forum. Atkinson, supra; Griffith v. Linton (1998),130 Ohio App.3d 746. For example, in Griffith, this court found that a motion for summary judgment seeking to declare a tortfeasor negligent constituted an election to proceed with litigation as opposed to arbitration. Griffith, supra.
 {¶ 23} In this case, we find appellant knew of its right to arbitrate the claim under the employment agreement.[2] In ¶ 46 of its answer, appellant states "[t]he Plaintiff's action should be stayed under the terms of the Employment Agreement which provides that any claims under that agreement shall be determined by binding arbitration." Therefore, we must determine if the trial court abused its discretion in finding that appellant acted inconsistent with its known right.
 {¶ 24} We find the trial court did not abuse its discretion in finding appellant waived its known right to arbitrate Stoll's claim under the employment agreement. Appellant waited nine months after the complaint was filed to file its motion to stay proceedings. The complaint was filed on June 28, 2003. Appellant filed its answer on September 13, 2003. Appellant filed its initial disclosure of witnesses and counsel participated in several conferences to attempt resolution of the case. The supplemental disclosure of witnesses was scheduled for January 10, 2003, and the trial confirmation date was January 24, 2003. At no time prior to these dates did appellant assert its right to arbitrate. Appellant did not file its motion to stay proceedings until March 3, 2003, only four months before trial was to commence. Appellant's motion to stay was a combined motion to stay and motion for partial summary judgment (as to the claims regarding the salary agreement). The trial court further noted that it was not aware that appellant sought to arbitrate at any time prior to the motion to stay. Based on these findings, the trial court did not abuse its discretion in denying appellant's motion to stay proceedings pending arbitration. Since appellant does not contest liability under the employment agreement, Stoll is entitled to damages of $153,800. Accordingly, appellant's third assignment of error is overruled.
 {¶ 25} Based on the foregoing, we find the terms of the salary agreement are clear and unambiguous on their face. Therefore, we do not examine evidence outside the four corners of the document. The no obligation to fund provision simply provides appellant the discretion on whether or not to set aside money to fund its obligations, including the obligation to pay Stoll, in what manner, and by what method. The obligation to pay Stoll is clear. Appellant admitted it ceased paying in December 1999. Therefore, the damages accrue from that time forward. The trial court did not err in its calculation of damages. Appellant did not raise the issue below and has waived it on appeal. Even assuming the issue was properly raised below, we find the damages are proper based on the contractual terms and appellant's repudiation of its obligations prior to the time the remaining payments came due. Finally, the trial court did not abuse its discretion in finding that appellant waived its right to arbitration by actively participating in litigation.
 {¶ 26} Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.
[1]Stoll is now deceased. However, the contract provides that if the employee, here Stoll, dies prior to receiving all the payments he is entitled to under the agreement, the company "shall continue to make such monthly payments" to the surviving spouse or other designated beneficiary. Salary agreement at section 2.
[2] Appellant does not contest the fact that money is due under the employment agreement. Its argument with regard to this agreement deals only with the issue of whether the proceedings should have been stayed pending arbitration.