[Cite as *Liberty Credit Servs. Assignee v. Yonker*, 2013-Ohio-3976.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| LIBERTY CREDIT SERVICES ASSIGNEE OF OR SUCCESSOR IN INTEREST TO CAPITAL ONE, | : | **O P I N I O N** |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2012-P-0096** |
| | : | |
| - vs - | : | |
| | : | |
| CRYSTAL YONKER, | : | |
| | : | |
| Defendant/ Third Party Plaintiff-Appellant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| SLOVIN & ASSOCIATES, LPA, et al., | : | |
| | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2010 CV 0525.

Judgment: Reversed and remanded.

*Alan H. Abes* and *Elizabeth M. Shaffer*, 255 East Fifth Street, Suite 1900, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Anand N. Misra*, The Misra Law Firm, L.L.C., 3659 Green Road, Suite 100, Beachwood, OH 44122; and *Robert S. Belovich*, 9100 South Hills Blvd., Suite 300 Broadview Heights, OH 44147 (For Defendant/Third Party Plaintiff-Appellant).

*Franklin C. Malemud*, *James O'Connor*, and *Holly Marie Wilson*, Reminger & Co., L.P.A., 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, OH 44115-1093 (For Third Party Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Crystal Yonker, appeals the judgment of the Portage County Court of Common Pleas requiring arbitration and dismissing, with prejudice, her claim against appellees Liberty Credit Services, assignee of or successor in interest to Capital One ("Liberty"), and Slovin & Associates, L.P.A., Randy Slovin, Esq. and Bradley Council, Esq. (collectively "Slovin"). For the following reasons, we reverse and remand for proceedings consistent with this opinion.

{¶2} On March 17, 2009, Slovin, as counsel for Liberty, filed a complaint in the Portage County Municipal Court against Yonker to collect a debt of $517.18 that Liberty claimed Yonker owed on a credit card account. Liberty amended its complaint to include a number of documents to establish the existence of the account and the amount of the debt, and to demonstrate that Capital One provided Yonker with notice of the obligation.

{¶3} Yonker filed an amended answer denying all of the allegations in the complaint and asserting a counterclaim against Liberty, Slovin, and John Does 1-10 alleging a violation of the Fair Debt Collection Practices Act; the Ohio Consumer Practices Act; fraud; defamation; abuse of process; and civil conspiracy. Yonker further asserted a class action against Liberty, Slovin, and John Does 1-10 claiming a violation of the Fair Debt Collection Practices Act; deceptive, unfair, or unconscionable acts; abuse of process; civil conspiracy; and defamation. The case was transferred to the Portage County Court of Common Pleas due to the counterclaim exceeding the monetary jurisdictional limit of the municipal court.

2

{¶4} Slovin filed a notice of removal from the common pleas court to federal court; however, Yonker filed a motion to remand, which was granted.

{¶5} Thereafter, the trial court issued a case management order. Liberty moved to compel arbitration and dismiss the case, followed by Slovin's motion for the same relief. Both Liberty and Slovin attached the affidavit of Slovin then filed motions to stay discovery only as to the issues *unrelated* to the motions to compel arbitration. The trial court granted Slovin's motion and issued an order limiting discovery to that necessary for Yonker to defend the motions to compel arbitration.

{¶6} For nearly a year, Yonker conducted limited discovery relative to the motion to compel. Yonker then filed a combined opposition to the motions to compel.

{¶7} In the July 24, 2012 judgment entry, the trial court found that the action "arises from a credit card debt owed by Yonker to Capital One Services, Inc., which was ultimately assigned to Liberty." Further, the trial court recognized that the credit card contract "allows either party to demand arbitration of any dispute between them."

{¶8} The arbitration agreement at issue states, in relevant part:

> You and we agree that either you or we may, at either party's sole election that any Claim (as defined below) be resolved by binding arbitration. * * *

> 'Claim' means any claim, controversy or dispute of any kind or nature between you and us.

> A. This definition includes, without limitation, any Claim that in any way arises from or relates to * * *

> this Arbitration Provision (including whether any Claim is subject to arbitration)

> any billing or collection matter relating to your account.

> any other matters relating to your account or relationship with us.

* * *

This definition also includes, without limitation, any Claim regardless of how or when it is brought (for example, as an initial claim, counterclaim, cross-claim, interpleading or third-party claim).

{¶9} The trial court found that neither Liberty nor Slovin had waived their right of arbitration, and therefore, Liberty's and Slovin's motions to compel arbitration and to dismiss Yonker's counterclaims and class certification were granted.

{¶10} Yonker appealed and assigns the following errors:

[1.] The trial court committed prejudicial error in finding that the appellees had not waived any right to arbitration by electing to litigate the claims.

[2.] The trial court committed prejudicial error in finding that Liberty, as a claimed secondary assignee, has established a continuous chain of title.

[3.] The trial court committed prejudicial error in failing to determine whether appellees were intended beneficiaries of the alleged arbitration agreement.

[4.] The trial court committed prejudicial error in finding that appellee Liberty, as claimed assignee, continued to have a right to demand arbitration when the claimed assignor (Capital One Bank) was itself foreclosed from arbitration by court order.

[5.] The trial court committed prejudicial error in finding that Ms. Yonker's debt collection violation counterclaims were subject to the alleged arbitration agreement, when the Complaint on which the counterclaims are premised was itself not based on the alleged agreement.

[6.] The trial court committed prejudicial error in granting appellees' motion to require arbitration without permitting Ms. Yonker the opportunity to obtain necessary discovery as to the defenses of fraud, fraud in the inducement, and unconscionability.

[7.] The trial court committed prejudicial error in granting appellees' motion to require arbitration without considering the prohibitive cost of arbitration imposed on Ms. Yonker in the alleged agreement.

4

{¶11} We have held that a ruling on a motion to stay proceedings pending arbitration is a final, appealable order pursuant to R.C. 2711.02. *River Oaks Homes, Inc. v. Krann*, 11th Dist. Lake No., 2008-L-166, 2009-Ohio-5208, ¶39. Here, Yonker moved for an order to stay arbitration, which was denied. That order, therefore, falls within the purview of R.C. 2711.02, and the judgment is a final, appealable order properly before this court.

{¶12} Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion. *Id.* at ¶41. For example, this court reviews a trial court's decision as to whether a party waived arbitration for an abuse of discretion.

{¶13} A trial court's grant or denial of a stay based solely upon questions of law, however, is reviewed under a de novo standard. *Buyer v. Long*, 6th Dist. Fulton No. F-05-012, 2006-Ohio-472, ¶6. Therefore, this court reviews de novo a trial court's legal conclusion as to whether a party is contractually bound by an arbitration clause.

{¶14} At the outset, we address whether Liberty and Slovin have a right to assert arbitration. Yonker applied for and was issued a Capital One credit card whereupon she incurred debt; Liberty alleges Capital One sold, assigned, and transferred accounts to Global Acceptance Credit Company, LP ("Global'). Thereafter, Liberty claims it entered into a Purchase and Sale Agreement with Global, assigning all rights, title, and interest on certain accounts, including Yonker's account. In the motions to compel, Liberty and Slovin contend the trial court should compel arbitration as to Yonker's counterclaims because she agreed to binding arbitration of all disputes arising out of the Capital One credit card account agreement (the "Agreement"). Liberty and Slovin argue

5

that all of Yonker's counterclaims arise out of and are related to the credit card account and fall within the scope of the binding arbitration clause contained in the Agreement.

{¶15} Under her second assignment of error, Yonker maintains that Liberty, as assignee, has failed to establish the chain of title from the original lender, Capital One.

{¶16} In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." *Zwick v. Zwick*, 103 Ohio App. 83, 84 (8th Dist.1986). In other words, in order to prevail, the assignee must prove it is the real party in interest for purposes of bringing the action. *An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement.* (Emphasis added.) *H&S Fin., Inc. v. Davidson*, 2d Dist. Montgomery No. 24291, 2011-Ohio-4290, ¶24.

{¶17} Attached to Liberty's and Slovin's motions to compel arbitration was the affidavit of Mitchell Johnston, the Vice President of Liberty. With respect to the transaction from Global to Liberty, Mr. Johnston averred that on June 8, 2007, Liberty entered into a Purchase and Sale Agreement with Global. The Purchase and Sale Agreement was attached. Additionally, the Assignment and Bill of Sale was attached, stating, in part, that Global has "entered into a Loan Sale Agreement * * * for the sale of accounts described in Schedule A thereof to Liberty."

{¶18} With respect to the transaction between Capital One and Global, the affidavit stated that Capital One had sold accounts to Global assigning all rights, title, and interest on the accounts. The Bill of Sale was attached to the affidavit. That Bill of Sale stated that Capital One "for valuable consideration * * * hereby sells, assigns and transfers the Primary–LV Portfolio PDS201 Accounts as described in Exhibit 1 of this

6

Agreement, to [Global.]"  A Receivable Agreement dated January 31, 2007, was also attached to the affidavit stating, inter alia, that Capital One sold, assigned, and transferred "all right, title and interest in the Accounts identified in the Sale File specified in Exhibit 1 of the Agreement * * * entitled 20070130.PDS03Q. SLDFLE.csv * * * to Global."

{¶19}  Based on the information attached to Liberty's and Slovin's motions to compel, we agree with Yonker that Liberty has not established a chain of title to establish its interest in the account at issue.  Although appellees attached the affidavits establishing the sale of accounts from Capital One to Global and from Global to Liberty, there was no evidence presented that Yonker's *specific* account was sold, assigned and transferred.  For example, Yonker's account is not specifically identified as an account being within the Primary–LV Portfolio PDS201 Accounts or the Sale File, identified as 20070130.PDS03Q.SLDFLE.csv—i.e., those accounts that were sold, assigned, and transferred from Capital One to Global.  Therefore, Liberty did not meet its burden as assignee, and neither Liberty nor Slovin could rely upon the arbitration clause in the Agreement specified above.

{¶20}  We further note that Slovin submitted the affidavit of Richard Napolitano, Senior Extended Operations Associate by Capital One Services, stating, inter alia, that the Customer Agreement attached to the affidavit, which includes the arbitration agreement, was provided to Yonker upon opening her account with Capital One.  Mr. Napolitano also averred that Yonker incurred debt on the "Account," "which was later sold to [Liberty]."  Again, there is no evidence that Yonker's specific Capital One account was sold, assigned, and transferred to Global and from Global to Liberty.

7

**{¶21}** Liberty contends that the issue of whether it is a proper assignee entitled to demand arbitration should, in any event, be determined by the arbitrator. That suggestion is not sensible. Liberty decided to file suit in court. Accordingly, the court must determine whether they have a legal right to demand arbitration.

**{¶22}** Yonker's second assignment of error has merit.

**{¶23}** This, however, does not conclude our analysis. On remand, it is possible that Liberty and Slovin could take further steps to establish standing and to demonstrate a right to demand arbitration based upon the language of the arbitration clause outlined herein. As a result, in the interest of judicial economy, we must address whether the trial court abused its discretion in finding that Liberty and Slovin had not waived their right to arbitration. As such, we address Yonker's first and seventh assignment of error in a consolidated fashion.

**{¶24}** Under her first assignment of error, Yonker argues that while courts will regularly enforce a contract for arbitration, the right to arbitration under the contract may be waived when the party asserting the right engages in conduct inconsistent with the right to arbitrate. Yonker maintains that Liberty and Slovin waived their right to arbitrate the dispute involved herein, as both failed to assert it as an affirmative defense and participated in litigation for 27 months, and because Liberty initially chose the forum by filing the complaint against Yonker. Yonker further claims, under her seventh assignment of error, that the trial court failed to consider the prohibitive cost of arbitration.

**{¶25}** To support the argument that Liberty and Slovin waived their right to arbitration, Yonker cites to this court's opinion in *EMCC Invest v. Rowe*, 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462, where we stated:

> 'It is well-established that the right to arbitration can be waived. * * * "A party can waive his right to arbitrate under an arbitration clause by filing a complaint." *Glenmoore Builders, Inc. v. Kennedy*, 11th Dist. No. 2001-P-0007, 2001-Ohio-8777, 2001 Ohio App. LEXIS 5449, *9 (Dec. 7, 2001) * * *. """When the defendant [files] its answer in that suit without demanding arbitration, it, in effect, [agrees] to the waiver."'" *Hoffman v. Davidson*, 11th Dist. No. 3909, 1988 Ohio App. LEXIS 773, *5 (Mar. 11, 1988), quoting *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113 (1980).
>
> 'To prove waiver, the opposing party merely needs to show: (1) that the party waiving the right knew of the existing right of arbitration and (2) that the party acted inconsistently with that right. * * *
>
> '"Active participation in a lawsuit * * * evidencing an acquiescence to proceeding in a judicial rather than arbitration forum has been found to support a finding of waiver." *Griffith* [*v. Linton*, 130 Ohio App.3d 746, 751, 721 N.E.2d 146 (1998)].'

*Rowe* at ¶33-35, quoting *Hogan v. Cincinnati Finl. Corp.*, 11th Dist. Trumbull No. 2003-T-0034, 2004-Ohio-3331, ¶22-25.

**{¶26}** In *Rowe*, this court found the appellees waived their right to arbitration because the parties engaged in the discovery process, filed motions for summary judgment, addressed the question of class certification, and engaged in mediation without ever asserting the right to arbitration. Nearly 28 months after filing the complaint, the appellees filed a motion to compel arbitration. We held that based on the record before us, the appellees acted inconsistently with the right to arbitrate. Next, we addressed the prejudice suffered by the appellant who had expended considerable resources by filing numerous pleadings in the trial court, including dispositive motions. In finding that the appellees waived their right to arbitrate, we reasoned that the

9

appellees should not be permitted to engage in litigation practice to the extent indicated and then decide, unilaterally, that forum shopping would be in their best interests.

**{¶27}** We find the reasoning employed in *Rowe* applicable to the instant case. Here, Liberty and Slovin chose to file an action in the municipal court. Yonker filed a counterclaim against Liberty and Slovin, and the case was transferred to the court of common pleas. Liberty and Slovin then sought removal to federal court. Yonker's motion to remand from federal court was granted on July 6, 2010. Thereafter, the parties engaged in discovery including the exchange of interrogatories, request for admissions, and request for production of documents. On September 8, 2011, Slovin filed a motion to limit discovery to arbitration issues, which was granted on October 18, 2011.

**{¶28}** Unlike *Rowe*, this case does not present a situation in which class certification was addressed or motions for summary judgment were filed; however, the parties did engage in the discovery process. Both Liberty and Slovin made what appear to be attempts at forum shopping. Neither Liberty nor Slovin asserted arbitration as an affirmative defense until after the case had been removed to, and then remanded from, federal court. Under these circumstances, any right to arbitrate was waived. We find the trial court abused its discretion in granting the motion to compel arbitration, as both Liberty and Slovin acted inconsistently with the right to arbitrate.

**{¶29}** Yonker's first and seventh assignments of error are with merit.

**{¶30}** On appeal, Yonker also claims that even if the assignment to Liberty was proven, Liberty is foreclosed from arbitration based upon the plain terms of the arbitration agreement and the multi-district class action filed in the U.S. District Court for

10

the Southern District of New York in *Ross v. Bank of America, N.A.*, No. 05 CV 7116 (S.D.N.Y. July 22, 2010). Yonker maintains that based upon the disposition in *Ross,* Capital One did not possess any right to claim arbitration under the Agreement, and therefore, neither Liberty nor Yonker could claim a right to arbitration as the alleged assignor of the claimed right. We decline to address the merits of these arguments on appeal: neither Liberty nor Slovin have yet established standing to assert a claim against Yonker, and even if standing is established, we find merit in Yonker's argument that both Liberty and Slovin waived the right to arbitrate.

{¶31} Based on the disposition of the first, second, and seventh assignments of error, we decline to address Yonker's third, fourth, fifth, and sixth assignments of error. For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.