[Cite as *Finish Line, Inc. v. Patrone*, 2013-Ohio-5527.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE FINISH LINE, INC. | ) | CASE NO. 12 MA 92 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARRISSA PATRONE | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:           Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 11 CV 569

JUDGMENT:                            Affirmed.

APPEARANCES:

For Plaintiff-Appellant:             Atty. William A. Nolan
Atty. Corie Ann Marty
Barnes & Thornburg, LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215

For Defendant-Appellee:              Atty. Martin S. Hume
Martin S. Hume Co., L.P.A.
6 Central Square, Suite 905
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  December 13, 2013

[Cite as *Finish Line, Inc. v. Patrone*, 2013-Ohio-5527.]

WAITE, J.

**{¶1}** This case arises from an appeal of a Mahoning County Court of Common Pleas Judgment Entry denying a motion to stay proceedings pending arbitration. The motion for stay was filed by Appellant, The Finish Line, Inc. ("Finish Line") more than a year after it had filed its complaint against a former employee, Appellee Marrissa Patrone. The trial court ruled that Appellant had waived its right to arbitrate by filing a complaint. Finish Line now appeals this decision. Appellant claims that it never waived its right to arbitrate, that Patrone would not be prejudiced by arbitration, and that the trial court's ruling is against the weight of authority which favors arbitration.

**{¶2}** While there is a general bias in favor of arbitration, both at the state and federal level, the trial court was correct in concluding that arbitration had been waived in this case. Ohio caselaw has consistently held that when a party files a lawsuit and fails to assert an arbitration clause, it waives its right to enforce arbitration. Finish Line waived arbitration a second time by failing to raise arbitration as a defense in its answer to Appellee's counterclaim. Appellant's waiver of arbitration necessarily disposes of the other assignments of error in this appeal, all of which are contingent on the enforcement of arbitration. The trial court's judgment is affirmed.

Background

**{¶3}** Marrissa Patrone worked for Finish Line from March of 2007 through October of 2007 as a salaried district manager, after which she was terminated. At hiring, Patrone signed a statement agreeing to resolve disputes by arbitration. The

specific procedures for arbitration were set forth in a separate document, The Finish Line Employee Dispute Resolution Plan ("The Plan").

**{¶4}** On August 20, 2010, Finish Line filed an action in Struthers Municipal Court seeking to collect amounts it alleged were owed by Appellee arising from her time as an employee. Specifically, these claims relate to her use of an American Express Corporate credit card issued to her during her employment. On February 9, 2011, Appellee filed an answer and counterclaim alleging wrongful discharge as well as sex and pregnancy discrimination. Because the amount at issue in the counterclaim exceeded the jurisdiction of the Struthers Municipal Court, Appellee requested that the matter be removed to the Mahoning County Court of Common Pleas.

**{¶5}** On April 15, 2011, Finish Line filed an answer to the counterclaim which included fourteen defenses, but did not assert a right to arbitration as a defense. It was not until September 6, 2011, more than a year after it filed its complaint and more than four months after it filed its answer to Patrone's counterclaim, that Finish Line filed a motion to stay proceedings pending arbitration. On October 18, 2011, Patrone filed her memorandum in opposition to the motion for stay.

**{¶6}** On January 23, 2012, after hearing arguments of counsel for both parties, the magistrate issued a decision recommending that the motion be denied, holding that Finish Line had waived its right to arbitration by filing a lawsuit. Finish Line filed objections to the magistrate's decision. On April 17, 2012, the trial court

overruled Finish Line's objections and issued its judgment entry denying the motion. This timely appeal followed.

{¶7}   This is a final appealable order pursuant to R.C. 2711.02(C).   On appeal, Finish Line raises three assignments of error.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN FINDING THAT THE FINISH LINE WAIVED ITS RIGHTS AND OBLIGATIONS UNDER THE ARBITRATION PLAN BY FIRST INITIATING LITIGATION, AS SUCH FINDING IS CONTRARY TO THE WEIGHT OF FEDERAL AND STATE AUTHORITY ON THE SPECIFIC QUESTION OF WAIVER AS WELL AS AUTHORITY FAVORING ARBITRATION GENERALLY.

{¶8}   The primary issue in this appeal is whether Appellant waived its right to arbitration by filing a lawsuit and not raising the arbitration clause at that time.   Our standard of review in this matter is abuse of discretion:  "In reviewing a trial court's determination that a party has waived its right to arbitrate, an appellate court must apply an abuse of discretion standard."  *Hoppel v. Feldman*, 7th Dist. No. 09 CO 34, 2011-Ohio-1183, ¶46 citing *Peterson v. Crockett Const., Inc.*, 7th Dist. No. 99-CO-2, 1999 WL 1138586, at *3 (Dec. 7, 1999); *see also, Harsco Corp. v. Crane Carrie Co.*, 122 Ohio App.3d 406, 410 (1997).   An abuse of discretion is a decision that is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} There is a long line of precedent in Ohio holding that a party waives an arbitration clause in a contract by filing a complaint that fails to raise the arbitration clause.

> A party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration. When the other contracting party files an answer and does not demand arbitration, it, in effect, agrees to the waiver and a referral to arbitration under R.C. 2711.02 is inappropriate.

*Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 430 N.E.2d 965, (8th Dist.1980), syllabus.

{¶10} The main reason why this has been considered a waiver of arbitration is that filing a lawsuit evidences an intent to rely on the judicial process rather than arbitration. Thus, it is incompatible with an intent to assert a right to arbitration:

> [T]he conduct of a party which is inconsistent with arbitration may act as waiver of the right to arbitrate. Thus, a trial court may deny a stay if it is not satisfied that the issue involved in the action is referable to arbitration or if the trial court determines that the party has waived arbitration under the agreement. (Internal citations and quotations omitted.)

*Checksmart v. Morgan*, 8th Dist. No. 80856, 2003-Ohio-163 at ¶20; *see also*, *Robbins v. Country Club Retirement Center IV, Inc.*, 7th Dist. No. 04 BE 43, 2005-Ohio-1338.

**{¶11}** We have regularly held that: "A plaintiff waives the right to arbitrate by filing a complaint. *Id.*" *Peterson*, *supra*, *2. *See also, Hoppel*, *supra*, at ¶44; *Centofanti. v. Wayne Homes*, 7th Dist. No. 10 MA 180, 2012-Ohio-4116, ¶19. Here, Appellant filed a complaint against Appellee on August 20, 2010. Appellant did not even attempt to assert the arbitration clause in any part of the complaint. On February 9, 2011, Appellee filed an answer and a counterclaim in a timely fashion. On April 15, 2011, Appellant filed an answer to the counterclaim listing fourteen defenses, however, a claim for arbitration was not among them. It was not until September 6, 2011, that the motion to stay proceedings pending arbitration was filed. Appellant not only waived arbitration by filing the original complaint against Appellee, but waived it a second time when it filed a response to Appellee's counterclaim. Therefore, the trial court was correct to deny Appellant's motion to stay proceedings pending arbitration.

**{¶12}** Appellant argues that filing the complaint was not inconsistent with its right to arbitrate. To support this stance, Appellant relies heavily on the case *Household Realty Corp. v. Rutherford*, 2nd Dist. No. 20183, 2004-Ohio-2422. *Rutherford* is easily distinguishable from the instant case. The contract in *Rutherford* contained an anti-waiver provision:

> The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

*Id.* at ¶10.

{¶13} There is no anti-waiver provision in the employment contract at issue in this appeal. Since Appellant cannot rely on an anti-waiver clause to support its argument, it cannot rely on the holding and analysis in *Rutherford* either.

{¶14} Appellant also argues that it could have asserted the arbitration clause as a defense to Appellee's counterclaim, even though it might have already waived arbitration as a plaintiff by filing the complaint. This is merely a hypothetical argument, since Appellant did not assert arbitration in its answer.

{¶15} Appellant argues that Appellee would not be prejudiced if the case were to be referred to arbitration. Appellant cites to *Credit Acceptance Corp. v. Davisson*, 644 F.Supp.2d 948, 949 (N.D.Ohio 2009), in support of the idea that a plaintiff can ask for arbitration after filing a lawsuit, and if it does, the only remaining question is whether the opposing party would be prejudiced. Similar to the *Rutherford* case on which Appellant incorrectly relies, *Davisson* also involved a contract with an anti-waiver clause that expressly stated that arbitration could be requested "before or after a lawsuit has been started" and that the initiation of judicial relief "shall not waive the right to submit any Dispute to arbitration[.]" *Id.* at 956-957. Again, the instant appeal does not involve an anti-waiver provision. Hence we may simply rely on our clear precedent that a party who files a complaint and fails to assert an arbitration clause at that time waives the right to demand arbitration.

{¶16} Appellant further argues that the Federal Arbitration Act ("FAA") prevails in any conflict between state and federal law, citing *AT&T Mobility LLC v.*

*Concepcion*, _U.S._, 131 S.Ct. 1740, 1747, 179 L.Ed.2d 742 (2011). However, the text to which Appellant cites states: "When state law prohibits outright the arbitration of a particular type of claim, the FAA displaces the conflicting rule." *Id.* at 1743. Here, the arbitration of a particular type of claim is not prohibited. There is no issue raised as to displacement. The only issue before us is whether or not Appellant waived its right to arbitrate. The FAA does not serve to displace this existing Ohio law.

{¶17} Appellant further argues that federal courts prefer arbitration and that any doubts about an agreement to arbitrate must be resolved in favor of arbitration, citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000). These are the general principles of law, and we are in agreement with Appellant as to these general principles. Appellant also cites *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009), for the conclusion that a party can seek to have court-ordered arbitration even after initially filing a complaint. *Vaden* does not stand for this proposition. *Vaden* does state: "Even before it filed its debt-recovery action in a Maryland state court, Discover could have sought from that court an order compelling arbitration of any agreement-related dispute between itself and cardholder Vaden." *Id.* at 71-72. Ohio law recognizes that a party may seek to enforce an arbitration clause before filing a complaint. Ohio law allows enforcement of an arbitration clause sought as part of filing a complaint. It is undisputed that Appellant has not done so in this case. *Vaden* does not further his argument.

**{¶18}** The policy reasons supporting arbitration cited by Appellant have been noted in almost every Ohio case dealing with the enforcement of arbitration clauses. R.C. 2711.01(A), quoting the FAA, provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, *except upon grounds that exist at law or in equity for the revocation of any contract.*" (Emphasis added.) Waiver is an oft-used legal premise for avoiding the application or enforcement of a contract clause. The record reflects that there are clearly grounds at both law and equity for the trial court to have applied Ohio's longstanding rules of waiver pertinent to arbitration clauses.

**{¶19}** Moreover, while the weight of authority cited by both parties supports the concept of enforcement of arbitration generally, as to the specific issue at hand, the weight of authority is equally clear. "Numerous courts in Ohio have held that '[a] party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration.'" *Farrow Builders*, *supra*, at \*2, quoting *Mills, supra*, syllabus. *See*, *also*, *Griffith v. Linton*, 130 Ohio App.3d 746, 751 (1998); *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 409, 701 N.E.2d 1040, (3rd Dist.1997); *Jones v. Honchell*, 14 Ohio App.3d 120, 121, 470 N.E.2d 219, (12th Dist.1984), paragraph one of the syllabus.

**{¶20}** Based on the record before us, the trial court did not err in determining that when Appellant filed its lawsuit and failed to assert enforcement of an arbitration clause at that time, such clause was waived. We overrule Appellant's first assignment of error.

<u>ASSIGNMENTS OF ERROR NOS. 2 AND 3</u>

THE TRIAL COURT ERRED IN FINDING THAT THE FINISH LINE DID NOT DEMONSTRATE THAT PATRONE EXECUTED THE AGREEMENT TO ARBITRATE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY, AS SUCH FINDING MISASSIGNS THE BURDEN OF PROOF ON THIS ISSUE AS WELL AS THE APPLICATION OF THE CASE LAW TO THE FACTS AT HAND.

THE TRIAL COURT ERRED IN FINDING THAT THE ARBITRATION PLAN IS UNCONSCIONABLE AND UNENFORCEABLE DUE TO THE FEE-SPLITTING ARRANGEMENT WOULD MAKE IT PROHIBITIVELY EXPENSIVE FOR HER TO PURSUE HER CLAIM, AND THE FEE-SPLITTING PROVISION COULD HAVE BEEN SEVERED FROM THE PLAN.

**{¶21}** Because Appellant has waived its right to assert the arbitration clause, Appellant's further arguments about the validity of the arbitration clause are moot. Appellant's second and third assignments of error are also overruled.

Conclusion

**{¶22}** The trial court did not err in finding that Finish Line waived its right to enforce the arbitration clause in the employment contract. Appellant acted inconsistently with its right to demand arbitration when it filed its lawsuit against Appellee without demanding arbitration at that time. We have held numerous times that filing a complaint without asking for arbitration waives the right to arbitrate. Appellant reinforced this finding in failing to raise the issue in its answer to Appellee's

counterclaim. For the reasons stated above, we overrule Appellant's assignments of error and affirm the judgment of the trial court.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.