[Cite as *Credit Acceptance Corp. v. Burson*, 2026-Ohio-1610.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CREDIT ACCEPTANCE CORPORATION, | CASE NO. 2025-T-0063 |
| Plaintiff-Appellee, | Civil Appeal from the Girard Municipal Court |
| - vs - | |
| ROBERT W. BURSON, III, et al., | Trial Court No. 2025 CVF 00243 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 4, 2026
Judgment: Affirmed

*Ryan S. Bundy*, Carlile, Patchen & Murphy, L.L.P., 950 Goodale Boulevard, Suite 200, Columbus, OH 43212, and *James W. Sandy* and *John P. Murray*, Hinshaw & Culbertson, L.L.P., 16102 Chagrin Boulevard, Suite 112, Shaker Heights, OH 44120 (For Plaintiff-Appellee).

*Patrick F. McCarthy*, Community Legal Aid Services, Inc., 160 East Market Street, Suite 225, Warren, OH 44481, and *Cherie H. Howard*, 1380 Virginia Trail, Youngstown, OH 44505 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} Appellants, Robert W. Burson, III and Robert W. Burson II, appeal the judgment of the Girard Municipal Court granting Appellee's, Credit Acceptance Corporation, Amended Motion to Compel Arbitration and Stay Case. Appellants have raised two assignments of error arguing: first, that Appellee waived its right to arbitration by initiating litigation against Appellants; and second, that the trial court erred by including third-party defendants, Valley Auto Finance Inc. (Valley Auto) and its employees, in the

order compelling arbitration when Valley Auto had assigned its right to arbitrate to Appellee.

{¶2} Having reviewed the record and the applicable caselaw, we find Appellants' assignments of error to be without merit. First, the trial court did not abuse its discretion when it stayed the case and ordered the parties to arbitration because Appellee did not take action inconsistent with its right to compel arbitration. The arbitration clause contained an anti-waiver provision that allowed either party to compel arbitration after the filing of a complaint or counterclaim. Appellee filed its motion to compel arbitration at the outset of the case and did not engage in extensive litigation before doing so. Second, the arbitration agreement reserved Valley Auto's rights under the contract to arbitrate any dispute arising under the contract, including arbitration for any of its employees.

{¶3} Therefore, the judgment of the Girard Municipal Court is affirmed.

## Substantive and Procedural History

{¶4} On November 7, 2023, Appellants entered into a contract to purchase a vehicle from Valley Auto. Appellants were listed as "Buyer" and "Co-Buyer." Valley Auto was listed as "Creditor-Seller."

{¶5} The five-page contract provides the following, in relevant part:

### RETAIL INSTALMENT CONTRACT

. . .

"You" and "Your" mean each Buyer above, jointly and severally. "Us" and "we" mean Creditor-Seller *and* Creditor-Seller's assignee.

. . .

### ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby *assigns and transfers all Seller's right, title and interest in and to this Contract*, and in and to the Vehicle

Case No. 2025-T-0063

described herein, to CREDIT ACCEPTANCE CORPORATION ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof, *Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract.* In order to Induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

NOTICE OF ASSIGNMENT: The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth above. This assignment is without recourse. You must make all future payments to: Credit Acceptance Corporation . . . .

. . .

## ARBITRATION CLAUSE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. . . . In this Arbitration Clause, "We" and "Us" mean Seller *and/or* Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.


Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us . . . a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause . . . 30 days or less after the date of this Contract.

. . .

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract . . . .

. . .

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to *other Disputes or counterclaims brought later in the lawsuit.* If you or We elect to arbitrate a Dispute, this Arbitration Clause applies.

. . .

It is expressly agreed that this Contract evidences a transaction in Interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

(Emphasis added.)

Case No. 2025-T-0063

{¶6} On March 7, 2025, Appellee filed a Complaint in the Girard Municipal Court for Appellants' failure to make payments.

{¶7} On April 24, 2025, Appellants filed a Motion for Leave to Plead, which the trial court granted.

{¶8} On May 12, 2025, Appellants filed their Answer, Counterclaim, and Third-Party Complaint against Valley Auto and two other co-defendants: Milhiar Albdour, the owner of Valley Auto, and Barah Albdour, an employee of Valley Auto and spouse of Milhiar.

{¶9} On June 10, 2025, Appellee filed a Motion for Leave to Move, Plead, or Otherwise Respond to Appellants' Counterclaims, which the trial court granted on June 11, 2025.

{¶10} On June 11, 2025, the third-party defendants filed their Answer.

{¶11} On June 26, 2025, Appellants filed a Notice of Service of Requests for Production of Documents to Third-Party Defendants.

{¶12} On July 3, 2025, Appellee filed a Reply to Appellants' Counterclaims and also filed a Motion to Compel Arbitration and Stay Case.

{¶13} On July 7, 2025, Appellee filed an Amended Motion to Compel Arbitration and Stay Case.

{¶14} On July 9, 2025, the trial court granted Appellee's Motion to Compel Arbitration.

{¶15} On July 14, 2025, Appellants filed a Motion for Reconsideration and/or to Vacate Judgment Entry.

{¶16} On July 15, 2025, Appellants filed a Memorandum in Opposition to Plaintiff's Amended Motion to Compel Arbitration.

{¶17} On July 28, 2025, the trial court granted Appellants' Motion to Reconsider and/or Vacate. The trial court said that it would reconsider the Motion to Compel along with Appellants' Memorandum in Opposition.

{¶18} On August 11, 2025, the trial court granted Appellee's Motion to Compel Arbitration and Stay Case. The trial court ordered "that all claims in this action be compelled to arbitration and that this case be stayed pending arbitration."

{¶19} Appellants timely appealed raising two assignments of error.

## Standard of Review

{¶20} In this case, the parties agreed to be bound by the Federal Arbitration Act (FAA) under 9 U.S.C. 1-16. Both federal and Ohio public policy favor arbitration agreements and such agreements are generally considered valid and enforceable. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Alkenbrack v. Green Tree Servicing, L.L.C.*, 2009-Ohio-6512, ¶ 14 (11th Dist.); R.C. 2711.01(A). "[A]n arbitration provision must be enforced unless it is not susceptible of an interpretation that covers the asserted dispute, with any doubt being resolved in favor of arbitration." *Alkenbrack* at ¶ 14. "The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp.* at 24-25.

{¶21} Generally, we review a trial court's ruling on a motion to stay and compel arbitration for an abuse of discretion. *Gardner v. Dinallo & Wittrup Homes, Inc.*, 2025-Ohio-1899, ¶ 11 (11th Dist.). "Because the question of waiver is usually a fact-driven issue, we review the trial court's decision for an abuse of discretion." *Crowe Ents., Inc. v. Amicon Med. Group, Inc.*, 2014-Ohio-11, ¶ 22 (11th Dist.).

{¶22} The burden on the party seeking to establish waiver of the contractual right to arbitrate is a heavy one. *Household Realty Corp. v. Rutherford*, 2004-Ohio-2422, ¶ 25 (2d Dist.); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). "To demonstrate waiver, a party must show [1] that its opponent knew of an existing right to arbitrate, [2] that its opponent acted inconsistently with that right, and [3] that those inconsistent acts prejudiced the party alleging waiver." *Supervalu Holdings, Inc. v. Schear's Food Ctrs., Inc.*, 1998 WL 425505, *4 (2d Dist. June 26, 1998).

{¶23} The United States Supreme Court has offered guidance on the issue of waiver in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). The Court held that waiver of a contractual right to arbitrate should not require a showing of prejudice to the party asserting it. *Id.* at 417. Instead, courts should "apply ordinary waiver rules," that determine whether a party has demonstrated an intentional relinquishment of a known right. *Schwebke v. United Wholesale Mtge. L.L.C.*, 96 F.4th 971, 974 (6th Cir. 2024). Therefore, to determine waiver under the FAA, courts ask simply whether the party seeking arbitration took actions that were "completely inconsistent" with the intent to arbitrate. *Id.* at 975.

{¶24} Conduct inconsistent with the enforcement of the right to arbitrate may include participating in litigation because this evinces an acquiescence to a judicial

proceeding rather than pursuing arbitration. *Crowe Ents.*, 2014-Ohio-11, at ¶ 24 (11th Dist.); *Griffith v. Linton*, 130 Ohio App.3d 746, 752 (10th Dist. 1998). A defendant's filing a motion for summary judgment may support a finding that the right to arbitration was waived under an arbitration clause because the filing of such a motion "'places the dispute squarely before the court for resolution on the merits and demonstrates an election to proceed with litigation as opposed to arbitration.'" *Hogan v. Cincinnati Fin. Corp.*, 2004-Ohio-3331, ¶ 25 (11th Dist.), quoting *Griffith* at 753.

{¶25} The primary question, then, is whether a party has acted inconsistently with the right to arbitrate as provided in the language of the arbitration clause before the court. It is possible to waive the right to arbitrate where the arbitration clause does not permit a party to initiate arbitration after voluntarily commencing litigation. *See Glenmoore Builders, Inc. v. Kennedy*, 2001 WL 1561742, *4 (11th Dist. Dec. 7, 2001) (right to arbitration waived by plaintiff filing a complaint where the arbitration clause did not contain anti-waiver provision). On the other hand, where the arbitration agreement permits a party to seek arbitration even after initiating a lawsuit, then initiating a lawsuit does not by itself constitute conduct inconsistent with the right to seek arbitration under the agreement. In that event, we look to other conduct to determine whether there has been a waiver of the right to arbitrate. *See Liberty Credit Servs. Assignee v. Yonker*, 2013-Ohio-3976, ¶ 28 (11th Dist.) (despite anti-waiver language, plaintiffs' conduct indicated a waiver of the right to arbitrate because litigation proceeded for nearly a year and parties engaged in "attempts at forum shopping," and neither "asserted arbitration as an affirmative defense until after the case had been removed to, and then remanded from, federal court").

## Assignments of Error and Analysis

{¶26} Appellants' first assignment of error states: "The trial court committed prejudicial error in finding that appellee had not waived its right to arbitration by electing to litigate its claim."

{¶27} Relying on *Glenmoore Builders* and other Ohio cases from our sister districts, Appellants argue that Appellee waived its right to arbitration by initiating the lawsuit against Appellants rather than proceeding directly to arbitration.

{¶28} Appellee counters these arguments by asserting that the cases Appellants cite do not involve anti-waiver provisions in the arbitration clause. Appellee argues that the arbitration clause at issue here contains anti-waiver language that allows either party to file a complaint and retain the right to later compel arbitration. Appellee points to the language in the arbitration clause that states:

> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If you or We elect to arbitrate a Dispute, this Arbitration Clause applies.

{¶29} None of the cases Appellants cite in support of their position involved anti-waiver provisions in the arbitration clause which would explicitly permit either party to compel arbitration after filing a complaint.

{¶30} In *Glenmoore Builders*, 2001 WL 1561742 (11th Dist. Dec. 7, 2001), we held that "[a] party can waive his right to arbitrate under an arbitration clause by filing a complaint." *Id.* at *3. However, the language of that arbitration clause stated: "In the event that any disputes arise between the parties . . . it is mutually agreed that the parties *will* submit said disputes for dispute resolution . . . ." (Emphasis added.) *Id.* Indeed, the plaintiff, Glenmoore, was not seeking to arbitrate the matter. Instead, the defendant,

Case No. 2025-T-0063

Kennedy, had unsuccessfully sought to stay the proceedings and remove to arbitration. *Id.*

{¶31} We concluded that Kennedy had not waived his right to arbitrate because he did not delay between filing a motion to stay pending arbitration and filing an answer. *Id.* at *4. Kennedy did not take part in any pre-litigation discovery or motion filing. *Id.* Although Kennedy filed a counterclaim, cross-claims, and a jury demand, these were filed on the same day as the motion to stay proceedings and compel arbitration. *Id.* Finally, Glenmoore was not prejudiced because Kennedy had not engaged in any conduct inconsistent with the right to arbitrate. *Id.*

{¶32} The other cases Appellants cite are similar. *See Farrow Builders, Inc. v. Slodov*, 2001 WL 735583, *1, fn. 2. (11th Dist. June 29, 2001) (the portion of the arbitration clause cited in the opinion does not contain any anti-waiver provision); *Checksmart v. Morgan*, 2003-Ohio-163, ¶ 15-17 (8th Dist.) (same.); *Std. Roofing Co. v. John G. Johnson & Sons Constr. Co.*, 54 Ohio App.2d 153, 155 (8th Dist. 1977) (same.); *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 Ohio App.3d 126, 128 (8th Dist. 1992), quoting *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113 (8th Dist. 1980) ("'The *general rule* is said to be . . . that either party to a contract of arbitration may waive it. . . . And a plaintiff's waiver *may be* effected by filing suit.'" (Emphasis added.); *Montecalvo Elec. Inc. v. Cluster Homes, Inc.*, 2003-Ohio-355, ¶ 15-16 (9th Dist.) (the appellant acted inconsistently with its right to seek arbitration by engaging in extensive discovery); *Griffith*, 130 Ohio App.3d at 752 (plaintiff engaged in extensive litigation and the filing of a summary judgment motion).

{¶33} The only case that Appellants cite that deals with the issue of an anti-waiver provision found the lack of such a provision to be the determinative fact in the case. *Finish Line, Inc. v. Patrone*, 2013-Ohio-5527, ¶ 12-15 (7th Dist.). In *Patrone*, the court found the appellant had waived the right to arbitrate where the appellant sought to compel arbitration more than a year after filing a complaint. *Id.* at ¶ 1. The Seventh District said that the cases the appellant cited in favor of anti-waiver were "easily distinguishable from the instant case" because they contained anti-waiver provisions, while the arbitration agreement before the court did not. *Id.* at ¶ 12-15.

{¶34} As discussed above, we look to whether the party seeking arbitration has taken action inconsistent with the contractual right to arbitrate. Certainly, one of those circumstances can be whether the party seeking to compel arbitration initiated the lawsuit. But, where an arbitration clause contains an anti-waiver provision allowing for a party to seek arbitration even after initiating a lawsuit, then filing a complaint is not conduct inconsistent with the right to arbitrate. *See Rutherford*, 2004-Ohio-2422, at ¶ 1 (2d Dist.).

{¶35} In *Rutherford*, the plaintiff sought to compel arbitration immediately after the defendant filed its counterclaim. *Id.* at ¶ 12. The arbitration agreement, which was governed by the FAA, contained an anti-waiver provision that said, "[t]he use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration . . . ." *Id.* at ¶ 10, 23. The court said that "neither party had initiated discovery" and the motion to stay litigation was filed four months after the complaint, two months after the counterclaim, and five months before the scheduled trial date. *Id.* at ¶ 28. On these facts, the Second District held that the defendants had not been prejudiced

by the plaintiff's actions and upheld the trial court's judgment staying litigation pending arbitration. *Id.* at ¶ 28-29.

{¶36} Similarly, in *Credit Acceptance Corp. v. Davisson*, 644 F.Supp.2d 948 (N.D.Ohio 2009), the federal district court, applying the FAA, said that the plaintiff did not waive its right to arbitrate where the arbitration agreement included an anti-waiver provision and the plaintiff had not attempted to litigate the defendant's counterclaims. *Id.* at 957. Although the plaintiff had engaged in discovery, the court specifically said that waiver will only be found when the demand comes long after the suit has commenced and where both parties have engaged in extensive discovery. *Id.* Therefore, the plaintiff's "single set of discovery requests" did not constitute a waiver of the right to arbitration. *Id.*

{¶37} Appellants bear the burden to demonstrate that Appellee waived its right to arbitrate. The facts in this case demonstrate that Appellee knew of its right to arbitrate when it filed its complaint in Girard Municipal Court. But, the mere act of filing a complaint was not inconsistent with its known right to arbitrate. The agreement specifically provides that either party may compel arbitration "before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit." Under the arbitration clause before us, the filing of a complaint does not constitute action inconsistent with Appellee's right to arbitrate and does not work to effect a waiver of that right. Indeed, Appellee's action was consistent with the clear terms of the arbitration agreement when it sought arbitration after Appellants filed their Counterclaim.

{¶38} We further conclude that Appellee did not take any other action inconsistent with the contractual right to arbitrate. Appellee filed both its Reply to Appellants' Counterclaims and its Motion to Compel Arbitration and Stay Case on the same day. The

Motion to Compel Arbitration was filed 118 days after Appellee filed its Complaint and 52 days after Appellants filed their Answer, Counterclaim, and Third-Party Complaint. Further, although Appellants had begun to engage in discovery, the request for production of documents was served on the third-party defendants, not Appellee. Even so, the case was in its infancy, and none of the parties had engaged in extensive discovery. *See Credit Acceptance*, 644 F.Supp.2d at 957.

{¶39} The trial court did not abuse its discretion in staying the case pending arbitration because there is no indication that Appellee took any action inconsistent with its known right to arbitrate pursuant to which the arbitration clause the parties were subject. Therefore, Appellee did not waive its right to compel arbitration under the contract.

{¶40} For the first time on appeal, Appellants also argue that the trial court committed clear error because it failed to comply with R.C. 2711.03 by not holding a hearing before granting Appellee's Motion to Compel Arbitration and Stay Case. "Appellate courts generally will not consider a new issue presented for the first time in a reply brief." *State v. Quarterman*, 2014-Ohio-4034, ¶ 18. "A reply brief gives an appellant the opportunity to respond 'to the brief of the appellee.' App.R. 16(C)." *Nemeth v. Nemeth*, 2008-Ohio-3263, ¶ 22 (11th Dist.). "The appellant cannot raise an issue for the first time in a reply brief, and thus effectively deny the appellee an opportunity to respond to it." *Id.*

{¶41} Even so, although the trial court did initially grant Appellee's Motion to Compel Arbitration and Stay Case before Appellants filed their motion in opposition, the trial court later vacated that judgment and ruled that it would reconsider Appellee's motion along with Appellants' memorandum in opposition. In doing so, the trial court satisfied the

requirements of R.C. 2711.03. *Chrysler Fin. Servs. v. Henderson*, 2011-Ohio-6813, ¶ 21 (4th Dist.) ("[W]e decline appellants' invitation to read into R.C. 2711.03 a requirement that a trial court hold an oral or evidentiary hearing when presented with every R.C. 2711.03 motion. . . . [A] trial court need not hold an oral or evidentiary hearing regarding an R.C. 2711.03 motion absent a proper request.").

{¶42} Accordingly, Appellants' first assignment of error is without merit.

{¶43} Appellants' second assignment of error states: "The trial court committed prejudicial error when it ordered all claims to arbitration when the third party defendant and assignor of the retail installment sales contract had given up its right to arbitrate and was no longer a signatory to it."

{¶44} Appellants argue that the trial court also erred by referring their third-party claims to arbitration since the third-party defendants either never had, or had surrendered, their rights under the arbitration agreement. Appellants maintain that Valley Auto assigned its rights under the Contract to Appellee and had therefore abandoned its rights under the arbitration agreement.

{¶45} Of course, if Appellants are right and we reverse on this error, they would have to proceed in court and arbitration simultaneously, a result that would harm them. So instead, they argue that the resulting prejudice and duplication of its litigation efforts stemming from that outcome justifies reversing with respect to all claims and parties and keeping the entire case in the court for disposition.

{¶46} Some courts have held that the outcome Appellants fear may justify denying arbitration to all. *See Naylor Family Partnership v. Home S. & L. Co. of Youngstown*, 2014-Ohio-2704, ¶ 25 (11th Dist.). However, Appellants' concerns depend on the

Case No. 2025-T-0063

conclusion that Valley Auto was no longer subject to the arbitration agreement. For the reasons stated below, we hold that Valley Auto and its employees were parties to the arbitration agreement and subject to its terms.

{¶47} An arbitration agreement is a matter of contract and only binding on the specific parties to the agreement. *Glenmoore*, 2001 WL 1561742, *5 (11th Dist. Dec. 7, 2001). We apply general contract law in interpreting arbitration agreements. *Council of Smaller Ents. v. Gates, McDonald & Co.*, 1998-Ohio-172, ¶ 31. In doing so, courts must be mindful of the presumption of arbitrability. *Id.* In interpreting a contract, a court is to "give effect to the intent of the parties" by examining the contract as a whole and presuming the intent of the parties is reflected in the language of the agreement. *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 2011-Ohio-2720, ¶ 37. Courts must look to the plain meaning of the language unless another meaning is clearly apparent. *Id.* When the language is clear, a court may not look beyond the language itself to determine the intent of the parties. *Id.*

{¶48} "An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration." *W. Broad Chiropractic v. Am. Family Ins.*, 2009-Ohio-3506, ¶ 14. "According to the general rule, an assignee or subrogee of a claim stands in the shoes of the assignor or subrogor, and succeeds to all the rights and remedies of the latter." *Inter Ins. Exchange of Chicago Motor Club v. Wagstaff*, 144 Ohio St. 457, 460 (1945).

{¶49} Appellants cite *Choice Hotels Internatl., Inc. v. C & O Developers, L.L.C.*, 2022-Ohio-3234 (8th Dist.), in support of their argument. In that case, the Eighth District declined to find that a "Survival of Obligations" clause in the assignment of a contract

meant that the assignors "remained parties to the agreement since the Franchise Agreement does not impose any future obligations upon them, and nothing in the Assignment indicates that the [assignors] retained any rights under the Franchise Agreement." *Id.* at ¶ 24. The assignment stated that the assignee assumed "all . . . rights and obligations," and thus the assignors "relinquished the right to enforce the arbitration provision . . . notwithstanding their agreement to remain liable for 'all Franchisee's obligations.'" (Emphasis deleted.) *Id.*

{¶50} The assignors in *Choice Hotels* retained certain obligations through a survival of obligations clause, but they did not retain any rights under the arbitration clause. The opposite is the case here. The contract contained an assignment from Valley Auto to Appellee of all of its "right, title and interest in and to this contract." Although this is a clear assignment of all obligations to Appellee, in determining the extent of the rights that Valley Auto assigned to Appellee, we must read the entire document. In doing so, we give effect to the intention of the parties. Here, the arbitration clause stated that it applied to "Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation)." The arbitration clause allows "Seller and/or Seller's assignee" to compel any "Dispute" arising out of the contract to be arbitrated. Therefore, both Valley Auto and Appellee retain rights under the explicit terms of the Arbitration Clause. This is a clear reservation of Valley Auto's right to arbitration for disputes arising from the contract and requires a different result than in *Choice Hotels*.

{¶51} Finally, the arbitration clause also defined "We" and "Us" to include the employees of both Valley Auto and Appellee. Therefore, all third-party defendants in

Appellants' Third-Party Complaint were included in the arbitration clause, and it was not error to subject them to the trial court's order staying the case and compelling arbitration.

{¶52} Accordingly, Appellants' second assignment of error is without merit.

{¶53} For the forgoing reasons, the judgment of the Girard Municipal Court is affirmed.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0063

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellants' assignments of error are without merit. It is the judgment and order of this court that the judgment of the Girard Municipal Court is affirmed.

Costs to be taxed against Appellants.

_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---