[Cite as *Howard v. Hawkins*, 2017-Ohio-1473.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tammy Howard                                Court of Appeals No. L-16-1087

    Appellant                              Trial Court No. CI0201401633

v.

Daniel Hawkins, et al.                       **DECISION AND JUDGMENT**

    Appellees                              Decided:  April 21, 2017

* * * * *

Kevin R. Eff, for appellant.

Vesper C. Williams II, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Tammy Howard, appeals from the March 28, 2016 judgment of the Lucas County Court of Common Pleas, in which the trial court found she failed to satisfy her burden of proof in showing a contract existed between her and appellees, Daniel and Joan Hawkins.  For the reasons stated below, we affirm, in part, and reverse, in part.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The trial court abused its discretion in granting the Defendants leave to file their answer out of time (and, while motions for default judgment were pending) absent a showing of excusable neglect.

2. The trial court abused its discretion in failing to grant Plaintiff's motion for default judgment against the Defendants.

3. The trial court erred, as a matter of law, in concluding that no contract existed between the Plaintiff and the Defendants.

4. The trial court's findings of fact are against the manifest weight of the evidence.

## Background Facts

{¶ 3} On February 28, 2014, appellant filed a verified complaint against appellees for breach of contract. Attached to the complaint was a "Purchase Agreement," which purported to reflect an agreement in which appellees were to transfer rights of a "New Holland-Backhoe" and a "1982 Mac-Tri-axel Dump truck," for the exchange of $27,000.

{¶ 4} The complaint stated a praecipe to the clerk to serve appellees by certified mail, return receipt. The complaint and summons were served on appellee Joan Hawkins on March 10, 2014, and on appellee Daniel Hawkins on April 3, 2014.

{¶ 5} On May 1, 2014, appellant moved the court for default judgment as to appellee Joan Hawkins for failing to respond to the complaint. On May 2, 2014,

2.

appellant moved for default judgment against appellee Daniel Hawkins. On May 5, appellees requested a first extension of time to file an answer, and the court granted the request. The request stated, "Defendants Joan Hawkins and Daniel Hawkins request a FIRST EXTENSION, not exceeding 28 days, to MOVE, PLEAD, OR OTHERWISE RESPOND on or before the 1st day of June 2014." The request did not otherwise provide an excuse for the delay of filing.

{¶ 6} Appellees requested a second extension on June 2, 2014, and the court also granted this request. The second request was more detailed than the first, as it stated that the delay and extension was necessary "due to the complexity of the issues involved in this and the need to obtain additional information necessary to formulate their response[.]"

{¶ 7} Appellees filed their verified answer on June 9, 2014. As a result of the filing, the court denied appellant's motions for default judgment as moot.

{¶ 8} In their answer, appellees asserted the affirmative defense of fraud, claiming that plaintiff, through her agent-husband, procured appellee Daniel Hawkins' signature by forging it. Because of the forgery, appellees claimed there was never any valid, written contract. The case proceeded to a bench trial on the merits.

{¶ 9} At trial, the parties testified to the events surrounding the signing of the submitted, written contract. Appellee Daniel Hawkins stated that he never signed the contract and that appellant, through her husband, had an oral agreement with appellees for the bargained for exchange, but never fulfilled payment as agreed. Appellee Joan

3.

Hawkins testified that, after 48 years of personally witnessing her husband's signature, the signature on the written contract was not her husband's signature.

{¶ 10} On March 28, 2016, the court issued a verdict entry which, in pertinent part, stated as such:

> This case amounts, effectively, to a simple contract dispute between the parties. Generally, Plaintiffs alleged they had a contract with Defendants for the purchase of a backhoe and dump truck. Defendants countered that they entered into no such contract, and Plaintiffs claims were based on "Theft, Fraud, Larceny by Trick, Obtaining Property by False Pretenses, Conversion and Replevin." Defendants also filed a counterclaim on the same basis, arguing that Plaintiffs impermissibly came onto Defendants' property and stole a dump truck.
>
> Plaintiffs held the burden of proof in this matter to show by a preponderance of this evidence that a contract existed between themselves and Defendants. * * * After hearing and carefully considering all of the evidence presented, the Court cannot find that Plaintiffs or Defendants have satisfied their respective burdens of proof. As a result, the Court finds in favor of Defendants on Plaintiffs' claim[.]"

{¶ 11} On April 27, 2016, appellant timely filed her notice of appeal. She now appeals from the March 28, 2016 judgment.

4.

**Assignment of Error No. 1**

{¶ 12} In the first assignment of error, appellant argues the trial court abused discretion in granting appellee leave to file an answer beyond 28 days without a showing of excusable neglect. Appellees contend no discretion was abused because they made a good faith attempt to comply with the rules and the case could then be decided fairly on the merits.

{¶ 13} "[A]fter the period for filing an answer prescribed in Civ.R. 12(A)(1) has expired, an answer may be filed only upon motion for leave and a showing of excusable neglect." *Hillman v. Edwards*, 10th Dist. Franklin Nos. 08AP-1063, 08AP-1064, 2009-Ohio-5087, ¶ 10. Civ.R. 12(A)(1) pertinently states, "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]" Civ.R. 6(B)(2) pertinently states, "[w]hen * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * *(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]"

{¶ 14} "Allowing a defendant to file an answer out of rule without moving for leave to file and showing excusable neglect under Civ.R. 6(B) is an abuse of discretion." *See Hillman* at ¶ 8, citing *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980) and *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14-15, 684 N.E.2d 292 (1997). "Though a court may endeavor to quickly reach the merits of a controversy, the

integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Id.*

{¶ 15} Here, the record reflects appellees' motion for extension of time to answer set forth no basis on which to find excusable neglect. Therefore, the trial court erred in granting the extension without any inquiry into the excuse for the late filing. Limited remand is necessary, and we note that "on remand, this conclusion does not prevent the trial court from allowing defendants to file an answer[.]" *Id.* at ¶ 10.

{¶ 16} Accordingly, we find appellant's first assignment of error well-taken.

**Assignment of Error No. 2**

{¶ 17} In the second assignment of error, appellant argues the trial court erred in denying her motion for default judgment. Appellees contend appellant was not prejudiced by any delay and the case was decided fairly and on its merits.

{¶ 18} Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action. Civ.R. 55(A); *see Bayes v. Toledo Edison Co.*, 6th Dist. Lucas Nos. L-03-1177, L-03-1194, 2004-Ohio-5752, ¶ 81.

{¶ 19} Here, the June 16, 2014 judgments reflect the trial court did not rule on the merit of the motion for default judgment, but instead, found the motion moot. We find the second assigned error premature because the first assigned error was found well-taken. On remand, the trial court is to determine whether appellees can demonstrate excusable neglect. If so, then the court is to proceed to judgment as ordered in its

6.

March 28, 2016 decision.  If not, the court is to strike appellees' answer and grant the default judgment.  *See Hillman*, *supra*; *see also Jenkins v. Clark*, 7 Ohio App.3d 93, 454 N.E.2d 541 (2d Dist.1982).

**Assignment of Error No. 3**

{¶ 20} In the third assignment of error, appellant argues the trial court erred in holding no lawful contract existed between the parties.  Appellees contend the court properly ruled based on evidence presented at trial.

{¶ 21} "Fraud in the execution of the instrument has always been admitted in a court of law, as where it has been misread, or some other fraud or imposition has been practiced upon the party in procuring his signature and seal."  (Citation omitted.)  *Perry v. M. O'Neil & Co.*, 78 Ohio St. 200, 209-210, 85 N.E. 41 (1908).  "The fraud in this aspect goes to the question whether or not the instrument ever had any legal existence."  *Id.*; *see also R.C. Olmstead, Inc. v. GBS Corp.*, 7th Dist. Mahoning No. 08 MA 83, 2009-Ohio-6808, ¶ 38 ("[F]orgery is just another way of saying that the defendant never signed a contract and thus no contract ever existed").

{¶ 22} Here, we first note that although appellant attempts in her brief to argue for the existence of either an oral or written contract, the record supports that her position at trial was grounded in the existence of a written contract.  The alleged original was actually submitted to the court and is part of the record as plaintiff's exhibit.  Appellees claim the written contract was forged and therefore void.  The trial court was in the best position to evaluate the credibility of the witnesses.  Thus, because appellant did not raise

7.

the issue of the existence of an oral contract in the trial court, we will address whether the court erred in determining the written contract to be invalid. *See*, *e.g.*, *Stoll v. United Magazine Co.*, 10th Dist. Franklin No. 03AP-752, 2004-Ohio-2523, ¶ 25 (implying waiver applies when an issue is not raised below).

{¶ 23} In that regard, appellee Daniel Hawkins testified he never signed any contract and that appellant's agent and husband, Habib Howard, facilitated and forged his signature on the alleged contract. Appellee Joan Hawkins testified and confirmed, after viewing her husband's signature for the previous 48 years, that the signature on the contract was not his. Therefore, we find there is evidence fraud or forgery was practiced upon appellee in procuring his signature. Based on the record, the trial court did not err in determining the written contract to be invalid.

{¶ 24} Accordingly, the third assignment of error is found not well-taken.

**Assignment of Error No. 4**

{¶ 25} In the fourth assignment of error, appellant argues the findings of fact on record are against the manifest weight of the evidence. Appellees contend competent, credible evidence amply supports the judgment.

{¶ 26} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio

8.

St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.); *see also Vill. of Seaman v. Altus Metals, Inc.*, 4th Dist. Adams Case No. 99 CA 683, 2000 Ohio App. LEXIS 1424, *6-7 (Mar. 24, 2000).

{¶ 27} Here, there is competent, credible evidence to support the judgment rendered below. As articulated above, there was ample evidence presented at trial for the court to determine that no contract existed. We find this is not the exceptional case in which the evidence weighs heavily against the findings and conclusions.

{¶ 28} Accordingly, the fourth assigned error is found not well-taken.

### Conclusion

{¶ 29} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. On remand the trial court is to permit appellees to enter a motion for leave to file an answer instanter, with an attached answer. If the trial court finds the motion demonstrates excusable neglect under the standard of Civ.R. 6, then the affirmed final judgment ruling should be reinstated. If the trial court finds appellees are

9.

unable to demonstrate excusable neglect to support their motion, then default judgment should be entered for appellant. Appellant and appellees are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                               _____
JUDGE

Thomas J. Osowik, J.         

_____

Christine E. Mayle, J.        
CONCUR.

JUDGE

_____
JUDGE